[S. F. No. 687.   Department Two.—June 18, 1897.]

ELIZABETH A. HEYDENFELDT, PETITIONER, *v.* SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, J. V. COFFEY, JUDGE, RESPONDENT.

ESTATES OF DECEASED PERSONS—JURISDICTION OF SUPERIOR COURT—ORDER FOR RESTITUTION OF PROPERTY TO EXECUTORS—REVERSAL OF DECREE OF DISTRIBUTION—CERTIORARI.—The jurisdiction of the superior court over probate matters is conferred upon that court by the constitution, and it is not a statutory tribunal while sitting in probate; and where a decree of distribution made by it is reversed upon appeal, the superior court has inherent power to order the distributee to return to the executors the property distributed; and such order cannot be annulled upon *certiorari,* upon the ground that the jurisdiction of the superior court over probate matters is special and limited.

ID.—INSUFFICIENT DEFENSE TO PETITION FOR RESTITUTION—CLAIM OF OWNERSHIP—STRIKING OUT DEFENSE.—It is not a sufficient defense to a petition of the executors for an order of restitution of the property distributed under a decree of distribution which has been reversed upon appeal, that the distributee is the owner of the property involved in the proceeding, and such defense may be properly stricken out as sham and frivolous.

CERTIORARI in the Supreme Court to review an order of the Superior Court of the City and County of San Francisco for the restitution of property to executors. J. V. COFFEY, Judge.

The facts are stated in the opinion of the court.

*Knight & Heggerty,* and *George D. Collins,* for Petitioner.

*T. M. Osmont,* for Respondent.

TEMPLE, J.—This is a proceeding under a writ of review to have a certain order declared void.

The court had made the decree of distribution in the estate of Solomon Heydenfeldt, deceased, and under that decree certain property belonging to the estate was distributed to the petitioner, and in pursuance of the decree was given into her possession by the executors. Subsequently, the decree was reversed by this court on appeal.

After filing the *remittitur* the executors presented to the probate court a petition setting forth the above facts, and asking for an order requiring the petitioner herein to restore the property so received by her to the executors. To the citation she interposed an answer, in which she denied that she had no title to the property or right of possession other than as devisee and legatee of Solomon Heydenfeldt, deceased, and averred that she was herself the owner of all the property involved in the proceeding. This answer was, on motion, stricken out as sham and frivolous, and the court proceeded, after the hearing, to make the order here complained of.

It will not be contended that the court exceeded its jurisdiction in striking out the answer as sham and frivolous, and, although I see no reason to doubt that it properly exercised its jurisdiction, that question does not arise here. As the answer did not deny that Mrs. Heydenfeldt received the property from the executors, as property of the estate distributed to her, it stated no defense.

But the real question is, Has the superior court, in a probate proceeding, the power to make such an order? The question is not that which was involved in *Ex parte Casey*, 71 Cal. 269. There the person in possession of property claimed for an estate was in a position to aver a title adverse to the estate. The petitioner here could not do that, unless she denied that she received the property under the decree—which she does not do, and did not attempt to do.

But if in any case an order for restitution may be made of property delivered under a decree of distribution which was reversed, then this writ must be denied. It is claimed that the court had no power to make an order under any circumstances; that it is a court of limited and special jurisdiction, and could do nothing not expressly or impliedly authorized by the statute.

It was ruled in *In re Burton*, 93 Cal. 459, that the jurisdiction of probate matters was conferred upon the superior courts by the constitution as a part of the jurisdiction of the superior court, and that it is the same court when doing probate work that it is when trying an action. It is only a special proceeding in the superior court.

In *Burris* v. *Kennedy*, 108 Cal. 331, it was said that we have no probate court in this state, and, although an administration of an estate may be a special proceeding, the court is not, while sitting in probate, a statutory tribunal, and does not derive its power from the statute. And further: " It is true the court, although deriving its power from the constitution, is controlled in the mode of its action by the code; and so it is to the same extent when foreclosing a mortgage, or trying an action on a promissory note. In both cases it is pursuing a mode prescribed by a statute, but in neither does it derive its power from the statute."

It was decided in *Reynolds* v. *Harris*, 14 Cal. 668, 76 Am. Dec. 459, and that case has been many times approved and followed, that the power to afford a remedy for an injury of this kind done by its officers, or by rea-

son of its process or judgment, is inherent in the court. I think it has always been held that this power belongs to every court of record. There can be no doubt but the superior court possesses this power. I see no reason for holding that this power is limited to that class of cases which, in the constitution, are called adversary actions. The ground for exercising the power at all is that an injury has been done by the court itself or its officers, and the court proceeds to right the wrong— when it can—without an action. The facts upon which the right to the relief depend are within the knowledge of the court. It is not necessary, therefore, to frame an issue and take evidence upon that subject.

I do not see how the fact that when a special statutory proceeding is pending in a court of general jurisdiction it is, as to that proceeding, a court of limited jurisdiction, can affect this question, even if it were conceded that the present is a case of that character. The court derives its authority to entertain either proceeding from the same source, and the injury results in each case from the judgment or process of the court. There is as much occasion for the exercise of the power in the one case as in the other, and I know of no principle upon which it can be conceded in one case and denied in the other.

The order is affirmed.

McFARLAND, J., and HENSHAW, J., concurred.

Hearing in Bank denied.