In re Estate of WYNEA, Deceased.

DUUS et al, Appellants, v. WYNEA, Respondent.

(167 N. W. 394.)

(File No. 4264.     Opinion filed May 1, 1918.     Rehearing denied June 1, 1918.)

1. **Wills—Devise, Bequest—"Wish" of Testatrix, Whether a Devise of Land—Gift of "Privilege," Distinguished.**

Where, after directing testatrix's executor to pay certain expenses and debts out of the estate, the use of all decedent's property was devised and bequeathed to her husband during his life, with devises and bequests of specific moneys to other kindred to be enjoyed after his death, with remainder, if any, to certain specified devisees, ending with the provision: "It is my wish that my son * * * shall have the pleasure of keeping my farm, if he so desires, upon paying the amounts herein provided and all expense," held, that by said last clause testatrix did not intend, nor did she thereby make to said son a devise or bequest of said realty upon condition that he make the payments therein referred to; the words in preceding paragraphs, "give, devise and bequeath," indicating that she knew how to distinguish between words creating a devise and those which would not, that in the concluding paragraph she did not undertake to give to said son anything other than a privilege, of keeping said realty if he so desired upon certain specified conditions. Held, further, that upon testatrix's death the title to the property was vested in all the devisees named in the preceding clause of the will relating to disposition after the husband's death, subject to life estate in him, and of. payment of said expenses, debts, and specific money legacies. Held, further, however, that while no title or absolute right to any of said property passed to said son by the concluding paragraph, still, with consent of all the other devisees, county court might decree appraisal of the lands, and that said son pay to each heir the amount due each under the will, based upon such appraisal.

2. **Same—Construction of Wills—Advisory or Precatory Words, Use of to Resolve Doubts—Express Dispositions, Whether Controlled by Precatory Words—Rule.**

Words in a will merely expressing testators desire or intention, and being merely advisory or precatory in character, may be used in resolving doubts in other parts of the will, but do not amount to a testamentary disposition, nor control or alter express dispositions therein, unless it is apparent that it was testators' intention that such words of desire or intention should be mandatory.

Appeal from Circuit Court, Bon Homme County. Hon. ROB-ERT B. TRIPP, Judge.

In the Matter of the Estate of Teatske Wynea, deceased. The County Court having by decree of distribution, affirmed by the Circuit Court upon appeal therefrom, adjudged that under testatrix's will her property was devised to one of her sons upon condition that he pay bequests, etc., the other heirs appeal from said judgment and decree. Reversed, and cause remanded for further proceeding.

*French, Orvis & French,* and *C. M. Stilwill,* for Appellants.
*Wicks & Quinn,* for Respondent.

(2) To point two of the opinion, Appellants cited: I Schouler on Wills, Secs. 473, 474, 476; Decker v. High St. M. E. Church, 50 N. Y. Supp. 260; Brasher v. Marsh 15, Ohio St. 103: Bliven v. Seymour, 88 N. Y. Supp. 57; Appeal of Fox, 99 P. A. 282, 287; Woerner American Law of Administration, Vol. 2, page 1018; Civ. Code, Secs. 1040, 1044, and submitted that: Paragraph fifth of the will is a specific devise of the farm under the terms of subdivision 1, section 1071, Civil Code.

McCOY, J. The question presented by the appeal in this case is the construction to be placed upon the will of Teatske Wynea, deceased, who died October 26, 1903. The will in question was executed March 22, 1902, and contained five paragraphs, in substance as follows:

First, it is my will, and I do order and direct my executor to pay my funeral and last sickness expenses and my debts out of my estate.

Section, after the payment of my funeral and last sickness expenses and my debts, I give, devise and bequeath to my husband, Ulbe Wynea, the use and benefit of all my property, real and personal, during his life.

Third, at the death of my husband I give, devise and bequeath to [here follows specific money bequests to her specifically named daughters and sons and grandchildren, amounting to $5,700].

Fourth, I give, devise and bequeath the residue of my property, if any there be more than as above provided for, to my

27—Vol. 40, S. D.

daughters and sons above named, the same to be divided equally share and share alike.

Fifth, it is my wish that my son Theodore shall have the privilege of keeping my farm, if he so desire, upon paying the amounts herein provided and all expenses.

This will was admitted to probate on the 22d day of December, 1911. Ulbe Wynea, the surviving husband, died February 11, 1915. At the time of the execution of said will the said testatrix was the owner of real property of the then value of $6,000, of which she died possessed, and which real property at the time of the death of her husband was worth $18,000. At the time of the death of the testratrix she also left personal property of the value of about $80. By the order and decree for distribution of the county court and judgment on appeal therefrom to the circuit court, it was adjudged that by the fifth paragraph of said will it was the intention of said testratrix to devise to her said son Theodore all the said real property upon condition that he pay the bequests provided for in paragraph 3 of said will, together with the expenses of administering the said estate. From such judgment and decree of the circuit court other heirs appeal.

[1] It is contended and urged by appellants that by the fifth clause of said will there was no intention on the part of the testatrix, nor did she thereby make to her son Theodore a devise or bequest of said real property upon the condition that, if he so desired, he pay the said special money bequests or legacies amounting to $5,700 provided for in paragraph 3 of said will, together with expenses. We are of the opinion and so hold that the appellants are right in their contention. It will be observed that the testatrix in the third and fourth paragraphs of her will used the words "give, devise and bequeath," indicating that she knew the appropriate and proper words by which to create a devise, in that she knew how to distinguish and differentiate between the words which would create a devise and those which would not. It will also be observed that from the language used in the fifth paragraph she did not undertake to *give* to her son Theodore anything other than a *privilege*. This paragraph does not state that "my wish is to *give* to my son Theodore my farm," but the statement is that he should have the privilege of keeping the same, if he so desired, upon a certain specified condition. In

principle the case of Nunn v. O'Brien, 83 Md. 198, 34 Atl. 244, is very similar to the case at bar. In that case the testatrix, after bequeathing certain specified sums in trust, by a residuary clause bequeathed to her husband the "rest, residue and remainder" of her estate, and then followed the residuary clause with a paragraph expressing the wish that after the death of her husband whatever remained of the property should go to a certain son of testratrix. In that case it was held that from the language used by her she clearly understood the difference between an imperative direction and the expression of a mere wish indicating what she thought would be a reasonable disposition of the property after the death of her husband; that she fully understood the meaning of the words used in each of the preceding paragraphs, and that the wish expressed in relation to whatever might remain of the rest and remainder of her estate at the death of her husband was merely a word of solicitation, and not intended to control the disposition of the property. The case of Aldrich v. Aldrich, 172 Mass. 101, 51 N. E. 449, involves the same principle. In that case, after making certain imperative directions and bequests, the will contained a residuary clause by which the testator gave and bequeathed to his wife the rest and residue of his estate, closing the will with words indicating a hope and desire that after the death of the wife the property remaining would be divided among the children. In that case it was held that if the testator had intended to create a trust in favor of his children at his wife's death there could be no doubt that he knew how to do it in clear and unmistakable terms, and that it was inconceivable that if such was his purpose he should have expressed himself in the manner in which he did; that there is no doubt that words of recommendation, confidence, entreaty, hope, or desire have been held sufficient under some circumstances to create a trust, but that such words as used in that case were merely precatory, signifying a hope or wish in regard to property not amounting to a testamentary disposition thereof. The general rule seems to be:

[2] "Words in a will which are merely expressive of a desire or intention on the part of the testator, and are merely advisory or precatory in character, may be used in resolving doubts in other parts of the will; but they do not amount to a testa-

mentary disposition, and do not control or alter express dispositions in the will, unless it is apparent that it was the testator's intention that such words of desire or intention should be mandatory." 40 Cyc. 1404.

In this case if the testatrix had used the words "wish or desire" in making bequests and devises, indicating that she did not then have in mind apt or appropriate words to create a devise or bequest, then there might be some plausible ground for holding that she intended a devise by the fifth paragraph of her will; but it clearly appearing that she had in mind and did use apt and appropriate words in creating devises and bequests in the previous paragraphs of this will, it cannot reasonably be held that she had any intention of creating a devise by the use of the word "wish" in the fifth paragraph. Hence we are of the view that she did not intend and did not in fact devise the said real property to her son Theodore by the said fifth paragraph of said will. Our holding is that upon the death of testatrix the title to said property was vested in all the sons and daughters, share and share alike, subject to the life estate of the father, and subject to the payment of her funeral, last sickness, and cost of administration expenses, and general debts, and the specific money legacies; that paragraph 5 only expressed a wish or hope that the son Theodore might retain the farm, if he so desired, by paying to each of the other heirs what was devised and bequeathed to each of them under the will, including the residuary clause, and the payment of all the said expenses and debts. We are of the view, however, that although no title or absolute right to any of said property was given or devised to said son Theodore by said paragraph 5, still, with the consent of all the said sons and daughters, the county court might order and decree that the said lands be appraised, and that the son Theodore pay to each and every heir the full amount coming to each under the will, based upon such appraisement.

The judgment and order appealed from are reversed, and the cause remanded for further procedure in harmony with this decision.