IN RE ESTATE OF BENJAMIN PREROST, Deceased.
DeCAMP, Appellant, v. PREROST, Respondent.

(168 N. W. 630).

(File No. 4305.    Opinion filed July 22, 1918.)

1.  Wills—Bequest of Personalty, Devisee Claiming Independently of Will—Sufficiency of Evidence—Jurisdiction.

Where, upon trial in circuit court, upon appeal from final decree of distribution in county court, the circuit court, after having made conclusion of law that it had not jurisdiction to grant relief prayed for by a residuary legitee under the will of decedent, who claimed personalty adversely to one named as devisee thereof, proceeded to and did adjudicate that said devisee owned such personalty independently of the will and as belonging to him at time of testator's death, held, that such finding of ownership was erroneous; the only thing before the court upon that issue being a stipulation that one party claimed and the other party disputed such claim, and an oral agreement in open court that evidence could be introduced regarding said issue if trial court found it necessary to decide that question.

2.  Appeals—Error—Un-appealed From Portion of Judgment, Assignment of Error re, Effect.

An assignment of error involving a claim embraced in that part of the judgment below, not appealed from, is without basis in the appeal record.

3.  Executors and Administrators—Wills, Election to Take Independently of—Jurisdiction of County, Circuit, Court, to Determine —Whether Cognizable in Equity—Constitution—Ward v. Dupree 16 S. D. 500, Explained.

The county court in probate, and the circuit court on appeal
from a decree of final distribution, possesses jurisdiction to
determine the question of election to take other than under a
bequest in a will; construing Const.; Art. 5, Sec. 20, providing
that county courts shall have jurisdiction in all matters of pro-
bate, * * * and settlement of decedents' estates; and such
courts have equitable jurisdiction necessary to exercise of their
proper functions; and the determination by the county court of
the question of the right of one claiming adversely to a de-
visee of personalty who had elected to take independently of
the will, and who claimed to be owner of the property at time
of decedent's death, was within the proper functions of that
court.   Ward v. Dupree, 16 S. D. 500, 94 N. W. 397, ex-
plained.

4.  Courts—County Court in Probate—Relative Rights Under Will
    and by Succession, Versus Adverse Interest, Jurisdiction to
    Determine.
       Generally speaking, the authority of county court upon dis-
    tribution goes only to determination of relative interests of
    those interested in the estate as derived from ancestor by will
    or under law of succession; it does not embrace determination
    of an interest derived adversely thereto.

5.  Executors and Administrators—Election to Take Independentely
    of Will—Claim Adverse to Will, Necessity of Determining
    Before Distribution—Jurisdiction of County, Circuit, Court.
       Where a will bequeathed personalty to one who claimed to
    have elected to take independently of the will, and who claimed
    ownership of the property at time of decedent's death, and a
    residuary legatee claimed said personalty adversely to the
    former because he had so elected, held, the estate was not ready
    for distribution until the question whether the claimant inde-
    pendently of the will was to take thereunder, or adversely, was
    judicially determined; since such determination necessarily de-
    termined rights of the residuary legatee under the will; and
    said question being within cognizance of county court; this not-
    withstanding county court at time of hearing on final distribu-
    tion, might have adjourned proceedings to afford opportunity
    for determination of that question in the circuit court, which
    latter court would have had jurisdiction thereof pending admin-
    istration of the estate; and circuit court on appeal erred in
    distributing the estate without determining said question either
    in an independent action or upon distribution.

6.  Wills—Election to Take Independently of—Character of Ques-
    tion—Judgment in Suit Against Executors and Heirs on Deed,
    As Evidence in Final Distribution, Effect re Election.
       The question whether one upon whom the duty to elect rests
    has or not elected to take property independently of a will

depends upon the circumstances of each particular case. **Held,**
that obtaining a judgment in a suit in circuit court against
executors and heirs, adjudicating plaintiff as owner of land by
virtue of his unrecorded deed, and presentation of copy of the
judgment to county court upon final distribution, manifested
plaintiff's election to take against the will.

7.  **Executors and Administrators—Will, Adverse Claims re Bequest,
    Devisee—Residuary Bequest—Claim Adverse to Will—Error
    re Distribution.**

   Where, under a will bequeathing certain personalty to P,
who claimed to be the owner of same at time of decedent s
death, and who claimed adversely to a devise to D of realty to
which he, P, held an unrecorded deed, the will containing a
residuary bequest of personalty, share and share alike to said
claimants and others, **held,** there being substantially no evi-
dence of such independent ownership in P of the personalty,
that county court, and circuit court upon appeal from decree
of final distribution, should have awarded to D, who was also
residuary legatee of personalty, proceeds of grain sold by
executors, a specific money bequest, and the residuary bequest;
and, unless upon evidence which might have been but was not
received under a stipulation, it had been found that P was the
owner of livestock mentioned in the bequest and of which he
claimed to be independent owner, it also should have been
awarded to D.

Appeal, from Circuit Court, Sanborn County. HON. FRANK B.
SMITH, Judge.

In the matter of the estate of Benjamin Prerost, deceased. The
county court having made final decree of distribution according to
the will, awarding Albert M. Prerost certain personalty and that
certain realty devised to Josie DeCamp, belonged to Albert M.
Prerost as independent owner and as theretofore adjudged by the
circuit court, and distributing a certain residue among the resi-
duary legatees; upon appeal from said decree to the circuit court,
the latter court having distributed the property as did the county
court, except that it made no distribution of said realty, and ad-
judging certain personalty bequeathed to Albert M. Prerost to be-
long to him independently of the will; from that portion of the
judgment of circuit court awarding the personalty aside from the
residuary bequest, in accordance with the will, and distributing the
latter property in accordance with the will, and from an order
denying a new trial, Josie DeCamp appeals. That portion of the

judgment appealed from, and the order denying a new trial, reversed, and cause remanded for further proceedings.

*J. E. Whiting,* and *French, Orvis & French,* for Appellant.

*S. A. Ramsey,* and *Null & Royhl,* for Respondent.

(3) To point three of the opinion, Appellant cited:

Const., Art. 5, Sec. 20; Sec. 24, Prob. Code, as amended by Chap. 63, Laws 1909; Secs. 307, 312, 323, Prob. Code; Woerner on American Law of Administration, 150, pages 366, 372-3; In re Cummings' Estate, (Pa.) 25 Atl. 1125; Toland v. Barle, 129 Cal. 148; 61 Pac. 914.

Respondent cited:

Levengood's Estate, 38 Pa. Super. Ct. 491; 40 Cyc., page 1994, under item No. 14; 1 Jarman Wills, page 450; In Re Sjurson's Estate, 29 S. D. 566; Re Thompson's Estate, 26 S. D. 576.

(5) To point fine of the opinion, Respondent cited:

Allen v. Allen, (Wis.) 16 N. W. 610.

GATES, J. The important question upon this appeal is whether the county court, in the course of administration of the estate of a decedent, has jurisdiction to enforce the equitable doctrine of election. Pomeroy, Eq. Juris. §§ 461-519; Bispham, Eq. (4th Ed.) §§ 295-306; Alexander on Wills, §§ 813-839; Jarman on Wills (6th Ed.) §§ 531-557; Schouler, Wills, Executors, and Administrators (5th Ed.) § 1489a.

The portions of the last will of Benjamin Prerost, executed November 21, 1913, material to this appeal, are as follows:

"Second. To my son, Albert M. Prerost, I give, devise and bequeath all of the personal property to me belonging, excepting moneys, mortgages, notes and choses in action, said personal property consisting of cattle, horses, hogs, farm machinery, etc., and being located in Sanborn county, South Dakota, on real estate belonging to me, I also give and devise to said Albert Prerost the sum of one thousand ($1,000) dollars in cash. * * *

"Fifth. To my daughter, Josie De Camp, I give, devise and bequeath the southeast quarter of section eight (8) in township one hundred six (106) in range sixty-two (62) in Sanborn county, South Dakota. * * *

"Tenth. The residue of my estate, both real and personal, no matter where situated or located, I give, devise and bequeath, share and share alike, to Albert M. Prerost, Joseph F. Prerost,

Mary Schaffer, Josie De Camp, and Frances Druse, sons and daughters, and John Prerost, adopted son."

Unless otherwise specified, the word "paragraph" herein refers to a paragraph of said will.

It was stipulated that the value of the cattle, horses, hogs, and farm machinery mentioned in paragraph 2 was the sum of $3,000, and that Albert M. Prerost claimed said property independently of the will, which claim was disputed by those adversely interested. It was further stipulated that the net value of certain grain sold by the executors was $748.90. It was further stipulated that the real property devised by paragraph 5 was, at the time of testator's death, of the value of $8,000, and that in an action in the circuit court begun subsequently to testator's death, in which Albert M. Prerost was plaintiff and the executors and heirs at law of decedent were defendants, it was adjudged that Albert M. Prerost was the owner of said real property by virtue of an unrecorded deed delivered by testator to him in December, 1912. It was further stipulated that the value of each share of the residue under paragraph 10 was about $1,000.

It was the contention of Josie De Camp that, Albert M. Prerost having elected to take adversely to the will the real estate devised to her by paragraph 5, she was entitled to have awarded to her by the final decree of distribution all of the bequests to Albert M. Prerost, in view of the fact that they aggregated a lesser amount than the value of such real estate, viz.:

(a) Cattle, horses, hogs and machinery (par. 2) ........$3,000.00
(b) Grain sold by executors (par. 2) ................. 748.90
(c) Money bequest (par. 2) ........................... 1,000.00
(d) Residuary bequest (par. 10) about................. 1,000.00

$5,748.90

The county court distributed the property of decedent in accordance with the terms of the will, except the said real estate, which it distributed in accordance with the said judgment of the circuit court. Upon appeal to the circuit court from the final decree of distribution, that court distributed the property as did the county court, except that it made no distribution of said real estate, and except that it adjudged that the cattle, horses, hogs, and machinery belonged to Albert M. Prerost at the time of testator's

death. The court, however, made findings of fact and conclusions of law favorable to Albert M. Prerost with reference to said real estate. As one of its conclusions of law the court recited:

"That the appellant in this proceeding is not entitled to the relief prayed for by her. That this court is not in this proceeding possessed of jurisdiction to grant the relief prayed for by appellant."

From the portions of the judgment relative to above items (a), (b), (c), and (d), and from an order denying a new trial, Josie De Camp appeals.

[1] Without reference to any other question in the case, the trial court clearly erred in deciding that Albert M. Prerost owned the cattle, horses, etc., independently of the will because no evidence was offered to sustain such finding. The only thing before the court was the stipulation that one party claimed it and the others disputed the claim. The record also discloses an oral agreement in open court, to the effect that evidence could be introduced in regard thereto if the trial court found it necessary to decide that question. We also wonder how the trial court could reconcile its determination to decide that question, even if evidence had been offered, in view of its attitude upon the subject of its jurisdiction.

[2] Appellant also assigns as error the allowance of a claim to Albert M. Prerost in the sum of $177. The portion of the judgment with reference thereto was not appealed from; hence there is no basis for such assignment of error.

[3] It is the contention of respondent, and in this both the county court and the circuit court concurred, that the county court was without jurisdiction to entertain the question of election; that being a matter cognizable in equity. There are some obiter statements in Ward v. DuPree, 16 S. D. 500, 94 N. W. 397, which probably influenced these courts to adjudge as they did. In that case the jurisdiction of the circuit court was assailed upon the ground that the county court had exclusive original jurisdiction of that cause of action. All that was really decided in that case upon that question was accurately summarized in the first syllabus to the opinion. By article 5, § 20, of the Constitution, it is provided:

"County courts shall be courts of record and shall have ori-

ginal jurisdiction in all matters of probate, guardianship, and settlement of estates of deceased persons."

The overwhelming weight of decisions under such a definition of authority is to the effect that such courts have such equitable jurisdiction as may be necessary to the exercise of their proper functions. Woerner, Law of Administration, § 149; Burris v. Kennedy, 108 Cal. 331, 41 Pac. 458; Heydenfeldt v. Superior Court, 117 Cal. 348, 49 Pac. 210; Toland v. Earl, 129 Cal. 148, 61 Pac. 914, 79 Am. St. Rep. 100; Estate of Freud, 131 Cal. 667, 63 Pac. 1080, 82 Am. St. Rep. 407; More v. More, 133 Cal. 489, 65 Pac. 1044, 66 Pac. 76; In re Wynea's Estate, 40 S. D. 416, 167 N. W. 394; 15 Corp. Jur. 1011, 1016.

[4] Generally speaking, the authority of the county court upon distribution goes only to the extent of determining the relative interests of those interested in the estate as derived from the ancestor by will or under the law of succession, but not an interest derived adversely thereto. 11 Cyc. 796. Thus it is not within the authority of the county court upon distribution to take cognizance of liens upon property held by strangers to the estate. Our section 315, Prob. Code (Cal. C. C. P. 1678), does not go to that extent. Estate of Howe, 161 Cal. 152, 118 Pac. 515.

Again if Albert M. Prerost had not been a beneficiary under the will, we do not advance the opinion that the county court would have had authority to determine whether his unrecorded deed or the devise to Josie De Camp should prevail.

In those states where the right of dower still exists it is generally held or assumed that the widow must, before distribution, elect whether she will take her dower interest or under the will adversely thereto, although of course in many states the time in which such election shall be made is regulated by statute. 4 L. R. A. (N. S.) 1055, note. In Cunha v. Hughes, 122 Cal. 111, 54 Pac. 535, 68 Am. St. Rep. 27, it was held that by failing to assert her right to community property upon distribution the widow of decedent was presumed to have elected to take under the will.

[5] We are of the opinion under the facts of this case that the estate of the decedent was not ready for distribution until the question whether Albert M. Prerost was to take under the will or adversely to it was judicially determined, inasmuch as the determination of that question would necessarily determine the rights that Josie De

Camp would acquire by and under the provisions of the will. The determination of that question was clearly within the exercise of the proper functions of the county court. It was a question inseparably connected with the proper distribution of the estate. Unquestionably the circuit court as a court of equity would have had jurisdiction to determine that question pending the administration of the estate. Unquestionably, at the time of the hearing upon final distribution, the county court might have adjourned the proceeding to give an opportunity for the determination of that question in the circuit court, but, the question having been squarely before it, we are clearly of the opinion that the county court and the circuit court on appeal erred in distributing the estate without having had the matter of election determined either in an independent action or upon distribution.

[6, 7] The question whether one upon whom the duty to elect rests has or has not elected depends upon the circumstances of each particular case. Pomeroy, Eq. Juris. §§ 511-513; Alexander on Wills, §§ 819-828; Schouler, Wills, Executors, and Administrators (5th Ed.) § 1489a; Owens v. Andrews, 17 N. M. 597, 131 Pac. 1004, 49 L. R. A. (N. S.) 1072. It has been held that the bringing of a suit for dower indicated an election to take against the will. 49 L. R. A. (N. S.) 1079, note 5. We do not need to go that far in this case. We are clearly of the opinion that by bringing the action in circuit court against the executors and heirs at law and by obtaining judgment that he was the owner of the land by virtue of his unrecorded deed and by presenting a copy of the judgment in that case to the county court upon final distribution, Albert M. Prerost unequivocally manifested his election to take against the will, Pomeroy, Eq. Juris. § 514, and that the county court and the circuit court upon appeal should have awarded to Josie De Camp items (b), (c), and (d), and, unless upon evidence received it had found Albert to have been the owner of item (a), it should also have awarded her that item.

The portions of the judgment appealed from and the order denying a new trial are reversed, and the cause is remanded to the trial court for further proceedings not inconsistent with this opinion.