[Civ. No. 10119. Second Appellate District, Division One.—May 31, 1935.]

In the Matter of the Estate of WILLIAM J. BETTINGEN, Deceased. A. B. ELLIS, Respondent, v. MARY C. BETTINGEN, Appellant.

F. A. Stephenson and H. P. Hibbard for Appellant.

Ralph C. Curren for Respondent.

CONREY, P. J.—William J. Bettingen died in the county of Los Angeles, leaving both real and personal property therein. By the terms of his will, which has been duly probated, the sole devisee and legatee is his wife, Mary C. Bettingen, who is the duly qualified executrix under said will.

In the course of administration such proceedings were had that by a decree of partial distribution a valuable apartment house property, together with its furniture and equipment, was distributed to Mrs. Bettingen. This distribution was made with the express consent of one A. B. Ellis, a creditor whose claim had been duly approved. On April 17, 1933, Ellis filed his petition upon which an order to show cause was issued, wherein Mrs. Bettingen was directed to appear and show cause why an order should not be made requiring her to pay into the estate for the purpose of paying claims of creditors entitled thereto the sum of $17,000. Mrs. Bettingen having filed her answer, the matter came on for hearing, and after hearing the evidence the court ordered "that Mary C. Bettingen pay to Mary C. Bettingen as executrix of the above entitled estate the sum of $17,000 to be used by her to discharge the indebtedness due from said estate to A. B. Ellis". From that order Mrs. Bettingen in her individual capacity presents her appeal.

■ The partial distribution of the estate to Mrs. Bettingen was obtained by a proceeding under the provisions ·of section 1661 of the Code of Civil Procedure, which on August 14, 1931, was superseded by section 1001 of the Probate Code. The proceedings under the order to show cause and the order from which the present appeal is taken are governed by section 1002 of the Probate Code. That section reads as follows: ''When a bond· has been executed and delivered under the provisions of the preceding section, and it is necessary for the settlement of the estate to require the payment of any part of the money thereby secured, the executor or administrator must petition the court for ·an order requiring the payment, and have a citation issued and served on the party bound, requiring him to appear and show cause why the order should not be made. If satisfied, upon the hearing, of the necessity of such payment, the court shall make an order accordingly, designating the amount and giving a time within which it must be paid. If the money is not paid within the time allowed, an action on the bond may be maintained by the executor or administrator.''

It is contended by appellant that respondent as a creditor of the estate was not entitled to institute the proceeding here in question without first taking steps to compel the executrix to proceed pursuant to said section. From the record before us it is plain that it would have been useless to make demand upon the executrix that she apply to the court for an order to compel herself to return the money to the funds of the estate. The question is one of procedure and not of jurisdiction. Under the circumstances shown by the evidence in this case the court had inherent power to require the return of the money to the estate. (*Heydenfeldt* v. *Superior Court,* 117 Cal. 348 [49 Pac. 210].) To sustain the contention of appellant on this point would be to deprive the court of its power. ''Indeed, while the legislature may regulate the mode in which the court shall exercise its jurisdiction, it cannot circumscribe its powers.'' (*Burris* v. *Kennedy,* 108 Cal. 331, 337 [41 Pac. 458].)

■ At the time when the partial decree of distribution was made to appellant of certain described property of the estate, the two creditors of the estate, of whom respondent was one, executed a consent to the granting of the petition for distribution and thereby waived and disclaimed ''any and

all right which they, or either of them, has or may have for the repayment or redelivery by the said widow of the property so proposed to be distributed to her, to the estate of said decedent for the purpose of paying the claims, or any claim, of the said creditors''. This waiver was made upon the consideration (in addition to the statutory bond) that Mrs. Bettingen warranted to the creditors that their claims would be paid. Appellant now contends that by reason of the waiver above mentioned respondent became estopped to make any subsequent claim to the benefit of section 1001 of the Probate Code. But on the contrary we think that it must be presumed that in consenting to the decree of partial distribution respondent acted in reliance upon the provisions of the law, including the right to have payment made to the estate by the distributee, of money in lieu of the property distributed, when such payment became necessary in order to provide for payment of the claim.

The order from which this appeal has been taken provided that the appellant pay to herself as executrix of the estate the sum of $17,000 ''to be used by her to discharge the indebtedness due from said estate to A. B. Ellis''. It is now contended that in any event the court was without power to provide that any sum be used for the benefit of any particular creditor to the exclusion of others. It appears that there is at least one outstanding unpaid claim against the estate other than that of respondent, that is to say, a claim in favor of one C. A. Bettingen, who is not a party to this present proceeding. The petition of respondent only called upon Mrs. Bettingen to appear and show cause ''why an order should not be made requiring her to pay into the estate for the purpose of paying claims of creditors entitled thereto the sum of $17,000''. We think that the court erred in directing the payment of the money specifically to A. B. Ellis. The matter of application of the funds of the estate to the payment of creditors' claims should be left open for settlement in a subsequent proceeding in the course of administration.

The order is hereby amended by striking therefrom the words ''to A. B. Ellis''. As so amended the order is affirmed.

Houser, J., and York, J., concurred.