# JAMES AND WILLIAM KENNEDY *v.* HAMER AND GRAN LEES.

BONDS on appeal to the County Court in forcible entry and detainer cases, are governed by the Act of 1850, concerning such cases, and not by the General Act regulating appeals from the judgment of a Justice of the Peace. The Act of 1850 is complete in itself as to the mode of perfecting such appeals; and a bond in such case, with sureties approved by the Justice, is sufficient, though not in double the amount of the judgment and though no justification of the sureties is annexed.

*The People* v. *Harris,* (9 Cal. 571) when considered in connection with its facts, does not conflict with the decision here.

Where in forcible entry and detainer, plaintiff had judgment in the Justice's Court, and was placed in possession of the land by a writ of restitution, and subsequently, defendant gave bond and appealed to the County Court, where, after trial, there was a verdict for defendant: *Held,* that the County Court had power, after reversing the judgment of the Justice, to award defendant a writ of restitution; that such a writ was necessary to perfect the jurisdiction of that Court over the subject.

Where a Court has general jurisdiction of a subject, it has power to make a full disposition of the matter, and conclude the litigation respecting it; or in other words, the power to pass upon the question involved carries with it, as a general rule, the power to make the decision effectual for the purpose for which it was made.

In this case, there was not sufficient proof of any acts on the part of L., one of the defendants, to maintain the action as to him. See facts.

Where in ejectment by B. *v.* K., a writ of restitution was issued on a judgment in favor of B., and under it K. was removed from the land by the proper officer, and W. put in possession, as agent of B., and then, about a month afterwards, W. leased the premises to H.: *Held,* that K. cannot maintain forcible entry and detainer against H., the lessee, on the ground that the act of the officer in removing and putting W. in possession was *tortious,* because not justified by the writ.

*Stark* v. *Barnes* (4 Cal. 412) does not hold that a party succeeding to the original wrongful possession is liable in an action of forcible entry and detainer in the same manner as his predecessor, because there Barnes came in without any new title, and merely succeeded to the claim and consummated the trespass of the original trespasser.

The question whether the mere fact that the officer in such case acted under a process valid on its face, is not sufficient to protect him and the party he put in possession against a suit for forcible entry and detainer by K., not decided.

APPEAL from the County Court of Alameda.

Forcible entry and detainer for three hundred acres of land. The answer justifies the entry under an execution or writ of posses-

sion issued out of the Circuit Court of the United States for the District of California, in an action wherein one Clement Boyreau was plaintiff, and Robert Campbell, James Kennedy—plaintiff here—and others, were defendants.

The answer avers that William Kennedy, the other defendant, was living on the land, and holding under James Kennedy at the time the ejectment suit was commenced, judgment rendered, and writ of possession executed; that Hamer and Gran Lees, the defendants, entered as tenants under said Boyreau (or his agent) after said writ was executed. In the Justice's Court plaintiff had judgment for the land, and for $4,461.75 damages and one hundred and eighteen dollars and thirty cents costs. A writ of restitution was issued, and the plaintiff put in possession. Subsequently, defendants gave a bond in the penal sum of $4,000, signed by Lees, one of the defendants, and two sureties, conditioned to pay " all the costs of such appeal, and abide the orders the Court may make therein, and pay all rents and other damages justly accruing during the pendency of such appeal." The bond was indorsed: " I approve of the sureties on the within bond, and this bond as sufficient. Asa Walker, Justice Peace. Filed January 10th, 1861. Asa Walker, J. P."

Plaintiffs moved the County Court to dismiss the appeal, on the grounds: 1st, that the sureties on the bond had not justified by making the affidavit required by law; 2d, that the bond is not in double the amount of the judgment. Motion overruled.

The case having been tried, and the verdict being for defendants, the Court rendered the following judgment, to wit: " That the judgment of the Court below be and the same is hereby reversed; and it appearing to the Court, from the record of the Court below, that the defendants have been dispossessed, it is further ordered and adjudged that said defendants be restored to the possession of the land and premises described in the complaint," etc.

The evidence as to defendant Gran Lees, mentioned under head three of the opinion of this Court, was so slight as not to require statement; amounting to little more than that some time during the year 1860, he was seen by a witness burning off stubble on the land, and claimed to have rented a portion from Hamer.

The facts connected with the execution of the writ of possession, relied on by defendants in addition to those stated in the opinion, are: that in January, 1856, Clement Boyreau brought ejectment in the U. S. Circuit Court for California against Robert Campbell, James Kennedy—one of the plaintiffs here—and thirty-six others, for " all the undivided half of an undivided eighteenth part of that certain tract of land," etc., giving the boundaries of a tract embracing 5,000 or 6,000 acres. Answers were filed, the cause tried, and in January, 1857, the Court filed its findings, setting forth that defendants occupy portions of said land in severalty, in separate and distinct parcels, according to a map, made part of the findings, and concluding as follows: " from the facts aforesaid, the Court concludes that plaintiff is entitled in fee to one equal thirty-sixth part, undivided, of the lands and tenements described in the complaint; " and in pursuance of the finding, judgment was rendered that " said Clement Boyreau, plaintiff herein, do recover against the defendants respectively possession of said share or estate of and in the respective and several parcels of land indicated and described in and by said map (which is referred to as a part hereof) as occupied respectively by them, the defendants, as aforesaid; and that each of said defendants, as to the residue of the tenements described in the complaint, not shown by said map to be occupied by him, whereof he is acquitted, go hence without day." This judgment was affirmed by the Supreme Court of the United States; and upon filing the remittitur in the County Court, that Court proceeded, on motion of plaintiff and *ex parte* to enter up another judgment in favor of Boyreau and against defendants— the counsel apparently supposing such course to be necessary or proper. This second judgment recites the remittitur, awards judgment for costs, and then proceeds : " It is considered, adjudged and decreed, that said plaintiff, Clement Boyreau, do have and recover of the defendants " (naming them) " the land and premises described in the complaint heretofore filed herein, in accordance with the original judgment rendered herein, with the sum of," etc.

Subsequently a motion was made, on the part of defendants, to strike out from the records of the Court this last named judgment.

In deciding this motion, the Court on the fourth of February,

Kennedy v. Hamer.

1860, " ordered that the original judgment entered in this case be enforced, and not the new judgment filed herein," &c.

On the thirtieth of November, 1859, an execution and writ of possession was issued out of said Court, reciting and purporting to be founded on the judgment entered on the ninth of November, 1859.

This execution does not describe the land as it was described in the judgment of January 29th, 1857 ; nor as it was described in the *ex parte* judgment of November 9th, 1859 ; nor as it was described in the complaint in the cause ; does not command the delivery of the thirty-sixth part, but the whole of a large tract embracing several thousand acres.   Nor does the writ describe the particular parcel recovered as against Kennedy ; nor is the map, which was made part of the judgment, referred to in the writ.

Under this writ, the U. S. Marshal put Ward in possession, as stated in the opinion of the Court.   Plaintiffs contend : 1st, that the writ was no justification to the officer, nor to defendants here, because purporting to be issued upon a judgment which had been virtually set aside—to wit : the second judgment entered upon filing the remittitur ; and 2d, that the writ did not authorize the Marshal to eject Kennedy, because it did not describe his portion of the land, and because there is no evidence to show that the tract in controversy here was included within the limits of the land described in the writ.

The trial was by jury, and the questions in the case arise upon instructions given and excepted to, and instructions refused under exceptions.

The Court gave the following instructions, to which plaintiffs excepted :

2. If the jury believe that the Deputy Marshal, John Williams, entered upon the land specified in the complaint by virtue of a writ of restitution issued out of the Circuit Court of the United States for the District of California, in the action of *Clement Boyreau* v. *Robert Campbell, James Kennedy et al.*, and that said James Kennedy was defendant therein, and William Kennedy at the time of said entry was in possession of said lands under or for said James Kennedy, or had entered into possession thereof after the commence-

ment of said suit of *Boyreau* v. *Campbell et al.*, and with knowledge thereof, then the Court charges you, as matter of law, that said Williams was justified in making said entry, and was justified in using all the force that was necessary to accomplish the purposes of said writ, and had authority to eject plaintiffs and put Boyreau, or any one for him, in possession of said lands.

3. The judgment and writ of restitution issued in said suit of *Boyreau* v. *Campbell et al.* justified the Deputy U. S. Marshal in entering upon the premises in dispute, with or without force, and all who are privy to said entry are in like manner justified, and cannot be held liable for a forcible entry upon said premises ; and the Court further charges you, that the effect to be given to said judgment and writ is a question of law for the Court to pass upon, and not a question of fact to be considered by the jury.

4. That the plaintiffs in this suit cannot attack the said judgment for irregularity, but the same is conclusive against all parties to it, and those who entered upon the land under them, or entered upon said land with knowledge of the pendency of said suit.

5. That even if the said judgment of the U. S. Circuit Court adjudged that Clement Boyreau was entitled to restitution of only one thirty-sixth of the premises sued for, yet as against defendants therein, he could be let into possession of the whole tract under the writ, because the judgment was against defendants, not as cotenants, but as trespassers without title.

6. If you are satisfied from the evidence that the Deputy Marshal in making the entry used no more force than was necessary in order to execute his writ, then the writ was a justification to him, and to the plaintiff or his agents whom he placed in possession ; and the Court cannot look back of the writ to determine the regularity or validity of the judgment upon which it was issued.

Plaintiffs asked, in substance, the following instructions, which were refused :

1. If the plaintiffs were in possession, and were put out by Ward and Williams, or by either of them, then your next inquiry is, whether the defendants entered under Ward ; and if they did so enter, then they are chargeable as successors in the trespass of Ward ; or in other words, if Ward was guilty of an unlawful or forcible

entry, then any person entering under him is to be held guilty of the same trespass.

2. The execution given in evidence by the defendants is not shown to have been founded on any valid judgment rendered by the Court from which it issued.   The Court charges you as a matter of law, that when the Circuit Court of the United States had entered a final judgment in the action of *Boyreau* v. *Campbell et al.*, on the twenty-ninth of January, 1857, that the power of the Court, so far as the entry of final judgment was concerned, became exhausted and at an end, and that after the return of the case from the United States Supreme Court, the Circuit Court had no power when the defendants were not before the Court to enter any other or further judgment.

3. The judgment rendered on the ninth day of November, 1859, in said Circuit Court, is void.

4. The execution issued upon that judgment, although it might protect the Marshal, is void and of no effect to protect the plaintiff in the judgment, or his agents, or any person claiming under him.

5. A valid execution could only have been issued on the first judgment rendered on the twenty-ninth of January, 1857.

6. The judgment of January 29th, 1857, was for one equal thirty-sixth part of the premises or land recovered, and on such a judgment an execution could not legally be issued to put the plaintiff in possession of the whole land.

7. An execution for the thirty-sixth part of the land would only have authorized the placing of plaintiff in possession of the thirty-sixth part in common with the defendants named therein, but would not authorize the removal of the defendants from the premises.

8. An execution must be warranted by the judgment.   If it exceed the judgment it has no validity.

9. The land described in the execution is not described in the judgment.   No judgment, so far as is shown, was rendered for the recovery of the land described in the execution.   The judgment appears to be a recovery against the several defendants according to a map or plat made a part of the record.   The map referred to is not shown in the record.   Without this map it cannot be known or be made to appear what land was recovered against James. Kennedy.

10. The judgment does not show that this very land in controversy was recovered against James Kennedy in said action in the United States Circuit Court.

11. If from the evidence it does not appear that the very land in controversy was recovered by the judgment against James Kennedy, then the defendant has failed to justify under said judgment. This is a fact to be made out by defendant, and if he has failed in this, he has failed to make any defense under said judgment.

Verdict "not guilty." Judgment for defendants for costs, with restitution of the premises.

The present action was brought just before the expiration of a year from the execution of the writ of possession in the ejectment suit in the United States Court.

Plaintiffs appeal.

*A. M. Crane*, for Appellants.

I. The sureties on the appeal bond should have justified, and the penalty of the bond should have been double the judgment. (Forcible Entry and Detainer Act of 1850, secs. 16, 17 ; *People* v. *Harris*, 9 Cal. 571 ; Pr. Act, sec. 628.)

II. The County Court had no power to award restitution of the premises. The Forcible Entry and Detainer Act gives no such power. The three hundred and forty-fifth section of the Practice Act applies only to the Supreme Court, and is besides excluded from applying to Justices' Courts by title sixteen of that act. The County Court has under the statute no equitable powers, and can only render such judgment as the Justice could render. The proceedings in the County Court were a new trial and nothing more, and if a new trial were had before the Justice and a verdict rendered for defendant, the only judgment to be entered would be for costs. (Act of 1850, *supra*, secs. 10, 17 ; 5 Cal. 43 ; Id. 279 ; 6 Id. 148 ; Const. Cal. art. VI, sec. 9.)

III. The United States Marshal having no process which justified putting Ward in possession, his entry was unlawful; and as a consequence, all persons entering under Boyreau, or Ward his agent, are in no better position. All are trespassers. (*Stark* v. *Barnes*, 4 Cal. 412.)

IV.  The Court erred in giving the second instruction.  1. The vice of this instruction is that it was not justified by any evidence. The Court leaves to the jury the question of fact, as to whether the Marshal entered upon the land in controversy by virtue of the writ of possession.  But he could not legally make the entry unless the writ authorized him to enter on this identical land, and there is no evidence showing or tending to show that the land embraced in the writ includes that described in the complaint in this action.  2. The second part of this instruction is still more unsupported by evidence. It is true that Williams, the Marshal, swears that " William Kennedy said he was holding possession for his father, James Kennedy, and disclaimed any possession of his own."  But there is no evidence whatever that he entered on the land after the suit (*Boyreau v. Campbell et al.*) was commenced.

V.  The third instruction of the Court again assumes the whole matter in dispute.  It tells the jury that the writ justified the Marshal in entering upon this very land and expelling the plaintiffs. That is to say, a writ which includes some land, somewhere in Alameda county, but which is not shown to include this land in controversy, nevertheless authorizes the Marshal to put the plaintiff out.

VI.  The fourth instruction is erroneous.

The Court charges the jury that the plaintiffs cannot attack said judgment for irregularity ; that the same is conclusive as to all parties to it and their privies.  As applied to the facts of this case, every proposition embraced in this instruction is erroneous.

The judgment upon which this execution issued was rendered *ex parte* by the Court, on motion of Boyreau, the plaintiff, on the ninth day of November, 1859, and nearly three years after the last actual appearance of any of defendants or their attorneys in the Court.  This judgment, so rendered in absence of any defendant thereto, and entirely *ex parte* and without notice, is also for entirely other land than that embraced in the first judgment, rendered January 29th, 1857.

This judgment (January 29th, 1857) gave the recovery of separate parcels against each defendant according to a map, while the *ex parte* judgment of November 9th, 1859, gives the recovery for " the land and premises described in the complaint."  So we

have this anomalous state of things : The first judgment rendered was for a part only of the land described in the complaint, and was several against each defendant, according to a map, etc., and as to the remainder, the defendants were expressly found not guilty.  The last, or *ex parte* judgment, is for the whole of the land described in the complaint, and is against all the defendants jointly.  And the execution which purports to be issued on the judgment of November 9th, 1859, does not describe the land as described in either judgment, but according to an entirely new description.  And yet this judgment, so rendered *ex parte*, directly against the former judgment on the same subject, cannot be questioned by the parties to it, or their privies, but as to them is conclusive !

It seems that on the return of the mandate and remittitur from the U. S. Supreme Court affirming the judgment, the attorney for the plaintiff conceived the idea that there must be a new judgment entered, and so proceeded *ex parte*, and made the entry of November 9th, 1859.

Now, when a judgment is affirmed by a superior Court it stands as the judgment of the Court precisely the same as if it never had been appealed from.  At the time when this last entry was made there was no plaint pending before the Court.  The powers of the Court had been fully exhausted in the rendition of the final judgment of January 20th, 1857.  There can be no such thing as two final judgments in the same matter.  (*Den* v. *Morse*, 7 Halsted, 334–5 ; *Phillips* v. *Barry*, 4 Mod. 127 ; *O'Neal* v. *O'Neal*, 4 Watts & S. 130 ; *Hoyt* v. *Gelston*, 15 J. R.; *Hollingsworth* v. *Barbour*, 4 Pet. 475 ; *Bloom* v. *Burdick*, 1 Hill, 130 ; *Latham* v. *Edgerton*, 9 Cow. 227 ; *Bigelow* v. *Stearnes*, 19 John. 39.)

So far, therefore, from this *ex parte* judgment being conclusive, and not liable to be questioned, it is, on the contrary, *coram non judice* and void.

VII.   The fifth instruction is to the effect, that under a judgment whereby one thirty-sixth part, undivided, of the premises is recovered, a writ may issue to remove the defendant entirely from the premises, and place the plaintiff in the possession of the whole, " because " (in the language of the instruction) " the defendant claims, not as a cotenant, but as a trespasser."

Such is not the law.  The execution must follow the judgment. That was for the one thirty-sixth part.ʿ  The execution could issue for no more.  Such being the recovery, the plaintiff in the execution could only be placed in possession according to his right, of the one thirty-sixth part, and, as against the plaintiff, defendant would be entitled to retain possession of the thirty-five thirty-sixths.  The result is that the plaintiff must be placed in possession in common with the defendant, and the defendant could not be put out.  (*Lessee of Gardiner* v. *Schuylkill Bridge Co.*, 2 Binney, 450; *Ash* v. *McGill*, 6 Whart. 30.)

VIII.  The sixth instruction is to the effect that, if the Marshal used no more force than was necessary to execute the writ, then the writ was a justification to him and to the plaintiff, or his agent; and the Court could not look back of the writ to determine the regularity or validity of the judgment upon which it issued.

In other words, that the writ (no matter whether or not it be issued upon a valid judgment) is of itself a sufficient justification, both to the Marshal and the plaintiff named in it.  If the mere statement of such a proposition does not carry with it its own refutation, no argument can refute it.  The principle is too well settled that, although a Sheriff or Marshal may justify under a writ fair upon its face, yet the party in whose favor the writ issues, and who seeks to justify or make title under it, must show a valid judgment.  While the writ alone justifies the officer, there must be both a valid writ and a valid judgment to justify the party.  (*Doe* v. *Smith*, 1 Holt's cases, 589 n.; 2 Starkie, 199 n.; *Fenwick* v. *Floyd*, 1 H. & G. 172.)  So also, a purchaser under an execution must, in order to make title to the land sold, produce as well a valid judgment as a valid execution.  (*Delaplain* v. *Hitchcock*, 6 Hill, 14.)  The several instructions asked by plaintiffs ought to have been given.  (*Stark* v. *Barnes*, 4 Cal. 412; cases cited under point IV; *Gray* v. *Hawes*, 8 Cal. 562; cases under point V; *Davis* v. *Robinson*, 10 Cal. 411.)

*H. K. W. Clark* and *W. W. Crane, jr.*, for Respondents.

I.  The motion to dismiss the appeal from the Justice's Court, because of the alleged insufficiency of the bond, was properly denied by the latter Court.

The approval of the bond by the Justice stands in the place of the affidavit of the sureties in ordinary cases before a Justice's Court.

The case of the *People* v. *Harris* (9 Cal. 571) only decides, that " as to matters not embraced by the words of the act (Forcible Entry Statute) the general rules governing proceedings in Justices' Courts will apply," and can properly have no application to any matter embraced within these words.

II.   It is urged that the County Court should not have awarded rerestitution of the premises to respondents.   The answer is, that the County Court is an appellate Court, and section three hundred and forty-five of the Practice Act applies to all appellate tribunals.

III.   The next error assigned is, that the County Court erred in dismissing Gran Lees.   The appellant claims that if Deputy Marshal Williams was guilty of forcible entry upon the land in dispute, and that Ward when put in possession was, by relation, also guilty ; that therefore Gran Lees, who is found upon the premises after this alleged entry of Williams, burning off straw and stubble, and claiming that he had rented the land, is also guilty of a forcible entry.

The statement of the proposition refutes the conclusion.   It may be true that a person may be a trespasser by relation, but it hardly can be claimed that he can be guilty of a forcible entry in that manner, as the latter imports a violation of the public peace, and is a *quasi* criminal offense.   The case of *Stark* v. *Barnes* (4 Cal. 402) is so confused that it is difficult to understand it fully, but it does not affect this case, as it appears, as far as the facts can be gathered from the opinion, that Barnes was the successor of Morrison immediately after the trespass of the latter.

IV.   The third instruction is right and proper, because the preceding one leaves it to the jury, as a question of fact, whether the Deputy Marshal entered upon the premises in dispute under the writ.   The instruction following this one says he was justified in so doing if he had a writ.   The legal effect of a judgment and writ of restitution is certainly not a question of fact for the jury.   Besides, though Kennedy might, upon the authorities quoted and points made, urge the U. S. Circuit Court to correct its erroneous action,

yet in the County Court in this proceeding his mouth is sealed as to these matters.    If the U. S. Circuit Court had jurisdiction of Ken-nedy's person and of the subject matter of the action—of which there is no dispute—the after proceedings of that Court cannot be assailed collaterally.

V.    The proposition involved in instruction No. 4 is simply this: Can a defendant in a suit wherein the Court had jurisdiction of the persons and the subject matter, question in another and different action the regularity of the proceedings in the first suit?    In other words: Can Kennedy in this suit attack the judgment in Boyreau against himself for irregularities?    We say it cannot be done. *Leese* v. *Clark,* 18 Id. 535 ; 4 Phil. Ev. 11, 78 ; *Osborne* v. *Chase,* 7 Johns. 161.)

VI.    The sixth instruction was not material to the case in any aspect, as it could not hurt the appellant even if erroneous, which, however, is not admitted.    The real question involved here is, was Deputy Marshal Williams justified in entering upon the premises ? If so, the plaintiffs' action fails.    And if, to obtain possession of one thirty-sixth, he entered, he was justified under the writ, for Kennedy does not sue to recover back thirty-five thirty-sixths, but the whole.    (*Collier* v. *Corbett,* 15 Cal. 183 ; *Stark* v. *Barrett,* Id. 361 ; *Alexander* v. *Hoyt,* 7 Wend. 89 ; *Coon* v. *Congden,* 11 Id. 496 ; *Savacool* v. *Boughton,* 5 Id. 170 ; *Commonwealth* v. *Bige-low,* 3 Pick. 31.)

VII.    The last instruction involves no new question.    We repeat, if the original entry was justifiable, then the plaintiffs' action fails. The defendants in the suit in resisting this charge of forcible entry need only show that Williams had a right to enter as he did, and they are exonerated.    If Williams could justify under the writ, they can ; so the appellant's argument as to the necessity of showing a judgment does not apply.    It was not necessary that the defendants should have introduced the judgment at all—it is surplusage in the case.

VIII.    Appellants confound this action of forcible entry with an ordinary action of trespass.    If it were a suit of the latter char-acter, some of his positions would apply.    This action for a forcible entry is brought against Hamer and Gran Lees, not against the

Deputy Marshal and Ward.   We might say that the question hav-
ing been put to the jury whether the persons were guilty or not
guilty of the charge made, and found in their favor, that this Court
will not go behind the verdict, as *perhaps* all the instructions given
and refused did not, nor could have misled the jury.

We think that even if no justification had been attempted, Ken-
nedy cannot recover against Hamer and Gran Lees for a forcible
entry, because there is not a particle of evidence that they forcibly
entered, or ever connived at, or procured, or knew of a forcible en-
try by any one else ; and it is incumbent upon Kennedy to affirma-
tively connect the defendants with the act complained of by some
evidence.   (*Minturn* v. *Burr*, 16 Cal. 109.)

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J.
concurring.

Forcible entry and detainer.

1. We are of the opinion that the Court did not err in its refusal
to dismiss the appeal because of the alleged insufficiency of the
bond.   The statute (Wood's Dig. 469) regulating appeals from
Justices' Courts in such cases as this, seems to be complete in itself
as to the mode of perfecting the appeal, prescribing the rules the
Legislature thought necessary upon the subject; and those rules
in respect to the bonds, etc., are independent of the general act
regulating appeals from the judgment of a Justice.   *The People*
v. *Harris* (9 Cal. 571) is not, when considered in connection with
the facts of that case, inconsistent with this principle.

2. We think the County Court had the power, after the setting
aside of the judgment of the Justice, to order that the premises
should be restored to the appellants.   This order was necessary to
perfect the jurisdiction of the County Court over the subject; and
the right having been fully decided, we see no reason or justice in
disposing of the matter piecemeal, when by one single judgment
complete effect can be given to the adjudication.   If money had
been collected pending the appeal, or subsequent to the judgment
appealed from, we presume the appellate Court could order its
return; and that this would result from the plain and ordinary
principle that when a Court has general jurisdiction of a subject, it

has power to make a full disposition of the matter, and conclude the litigation respecting it; in other words, that the power to pass upon the questions involved carries along with it, as a general rule, the power to make the decision effectual for the purpose for which it was made.

3. We see no proof of any act or acts on the part of the defendant Gran Lees, which made him amenable to this action, and the Court was right in ordering the nonsuit as to him.

4. Nor, upon the whole case, do we see any proof as to the defendant Hamer which would justify a verdict. It seems that a judgment of ejectment was had in the Circuit Court of the United States for the District of California, in a case of *Clement Boyreau* v. *Robert Campbell, James Kennedy et al.*, for a tract of land, including, as it is claimed, the premises in controversy. A writ of restitution issued, and came to the hands of one Williams, acting as Deputy Marshal, who executed the writ, and turned the two Kennedys off the land, and put one Ward, as agent of Boyreau, in possession. About a month afterwards, Ward leased the premises to Hamer, the defendant. It is not shown that Kennedy had title to this land; but it seems that Boyreau was the owner. The question here, however, is independent of the title. Waiving the question, whether the mere fact that the officer acted by a process valid on the face of it is not a sufficient protection to him and the person whom he may place in possession, so far as this particular process of forcible entry and detainer is concerned, it seems to us that the proceeding cannot be maintained as against the lessee, who, so far as appears, had no connection with the original tortious act. The case of *Stark* v. *Barnes* (4 Cal. 412) is cited to show that the party succeeding to the original wrongful possession is liable in an action of forcible entry and detainer in the same manner as his predecessor. But that case does not go so far. There, Barnes came in without any new title, and merely succeeding to the claim and consummating the trespass of the first trespasser. But here, Hamer was not a trespasser at all. For all that appears, he leased the premises from the lawful owner of them, that owner having a right of entry, though, as we might concede, no right to dispossess Kennedy by force. It would be very unreasonable to hold that

Hamer should be held to a *quasi* criminal responsibility under these circumstances; and we see nothing in the statute which authorizes it.

This view renders it unnecessary to notice other points, for, upon the whole case, the verdict and judgment were right.

Judgment affirmed.