[Civ. No. 2833. Second Appellate District, Division One.—May 6, 1920.]

## MORTGAGE SECURITIES COMPANY OF CALIFORNIA (a Corporation), Appellant, v. F. W. PFAFFMAN, Respondent.

[1] CLAIM AND DELIVERY—DELIVERY OF AUTOMOBILE TO PLAINTIFF FOLLOWING JUDGMENT—REVERSAL ON APPEAL—RIGHT TO RESTITUTION. In an action by a mortgagee against a repairman to recover possession of an automobile, the mere delivery of the automobile by the defendant to the plaintiff, for whom judgment was rendered, pending the determination of defendant's appeal, no stay bond being filed, will not deprive the defendant of the right to have a judgment of restitution of the property upon a retrial of the cause, following the reversal by the appellate court of the first judgment entered.

[2] ID.—JUDGMENT FOR PLAINTIFF—DUTY OF PLAINTIFF TO DELIVER POSSESSION ON DEMAND.—The trial court, in such action, having adjudged that plaintiff was entitled to the possession of the automobile, the law imposed the duty upon the defendant, where execution was not stayed, to deliver the machine to plaintiff upon its demand, even though execution was not issued upon the judgment.

[3] ID.—PRIORITY OF LIEN OF REPAIRMAN—NONPAYMENT OF MORTGAGE DEBT—IMMATERIAL ISSUE.—In an action by a mortgagee against a repairman to recover possession of an automobile, the trial court having determined, in accordance with a decision by the supreme court on an appeal from a prior judgment in the case, that the lien of the repairman is superior to the lien of the mortgagee, its failure to find on the issue as to the nonpayment of the mortgage debt is immaterial.

APPEAL from a judgment of the Superior Court of Los Angeles County. Fred H. Taft, Judge. Affirmed.

The facts are stated in the opinion of the court.

Tobias R. Archer for Appellant.

Duke Stone for Respondent.

JAMES, J.—Appeal from a judgment entered in favor of the defendant.

The action was brought by the plaintiff to obtain possession of a certain automobile. In the original complaint filed it was alleged that the plaintiff acquired a lien upon the automobile by reason of a certain chattel mortgage executed by the Chatts; that the mortgage provided that in the event the mortgagors failed to pay the amount of the mortgage debt, plaintiff might take possession of the automobile and proceed to sell the same in the manner provided by law; further, that at the time suit was brought the said debt had matured and remained unpaid. Defendant answered and asserted, in brief, that the automobile had been delivered into his possession by the Chatts and that, at the request of the latter, repairs had been made upon the machine aggregating in value the sum of $349.40, of which sum nothing had been paid but ten dollars, and that the defendant claimed right to the possession and the lien given him by section 3051 of the Civil Code. The cause was tried and the court determined that the lien of the chattel mortgage was superior to the lien of the repairman, and gave judgment to the plaintiff for recovery of the automobile. An appeal was taken to this court, where the judgment was affirmed. A rehearing was granted by the supreme court and a reversal of the judgment entered by the trial court was ordered, it being last determined that the lien of a repairman is superior to that of a mortgagee. (*Mortgage Securities Co.* v. *Pfaffman,* 177 Cal. 109, [L. R. A. 1918D, 118, 169 Pac. 1033].) Before the second trial was had, which resulted in the judgment here appealed from, plaintiff filed a supplemental complaint alleging, in effect, that subsequent to the first trial the controversy had been settled by the voluntary delivery of the automobile by the defendant to the plaintiff; further, that after obtaining such possession the plaintiff had proceeded to sell the machine after the giving of the usual notices. An answer was filed to this supplemental complaint, which raised an issue as to the settlement having been made of the controversy. The second trial was proceeded with, evidence heard, findings made, and judgment entered. As to the matter concerning the delivery of the automobile by the defendant to the plaintiff, the court determined the facts as follows: "That at the institution of this suit the defendant refused to deliver to the plaintiff the said automobile, claiming his right to retain

the same under secton 3051 of the Civil Code of the state of California; and that the above cause first came on for trial in the month of February, 1917, resulting in a judgment for plaintiff, from which an appeal was taken by the defendant to the supreme court of the state of California, which afterward reversed said decision, and that pending said appeal, to wit, on or about June 29, 1917, the defendant delivered to the plaintiff the said automobile after demand had been made therefor by the plaintiff under its judgment rendered in said cause tried in February, 1917, and in pursuance of said demand, the defendant delivered said automobile to the plaintiff, and that no bond was made pending the appeal of said action, but that no consideration or nothing of value whatever was paid or agreed to be paid to the defendant for the delivery of said automobile to the plaintiff, and the said delivery was made in pursuance of the demand by the plaintiff by its duly authorized officer; and that the value of said automobile is the sum of $595. That defendant from the institution of said action up until said June 29, 1917, continued in possession of said automobile, and it is not true that the defendant at any time, as alleged in the complaint, wrongfully or unlawfully detained said automobile, and it is not true that the plaintiff was entitled to the possession thereof.'' The conclusions of law embrace the statement that ''defendant did not waive his rights herein by the delivery of said automobile to the plaintiff or its agent.''

[1] The chief contention made by appellant is that the findings of the court against the allegations of the supplemental complaint are not sustained by the evidence; that is, that the evidence showed a voluntary delivery of the automobile by the defendant to the plaintiff, with intent to satisfy the judgment first rendered by the court and to make a settlement of the controversy. That the mere delivery of the automobile to the plaintiff pending the appeal did not deprive the defendant of the right to have a judgment for restitution of the property upon retrial, seems very clear. No stay bond was given, and the plaintiff without doubt had the right, pending an appeal under such circumstances, to require the property to be delivered to it in compliance with the terms of the judgment. [2] The fact that no order or execution was issued upon the judgment does not

change the situation, for the law imposed the duty upon the defendant, where execution was not stayed, to deliver the machine to plaintiff upon its demand. In the case of *Warner Bros. Co.* v. *Freud*, 131 Cal. 639, [82 Am. St. Rep. 400, 63 Pac. 1017], that question is considered and the court quotes with approval from Freeman on Judgments, section 480a, as follows: "One against whom a judgment is entered, if he fails to satisfy it, must expect to see his property seized and sold at a sacrifice, and it is difficult to conceive how his payment of the judgment can give rise to any estoppel against his seeking to avoid it for error. The better view, we think, is, that though the execution has not issued, the payment of a judgment must be regarded as compulsory, and therefore as not releasing errors, nor depriving the payor of the right to appeal." The assertion of appellant that the evidence showed that the automobile was delivered by the defendant to it with the full intent to satisfy the judgment and settle the controversy is borne out only by the evidence offered on behalf of the plaintiff. There was other evidence to the contrary submitted by the defendant and a conflict resulted, which, of course, was for the trial court to settle. The testimony of defendant's witnesses on this point, if credited by the trial judge, as we must assume it was, is amply sufficient to sustain the findings adverted to.

[3] A second point made by the appellant is that the court failed to find upon a material issue tendered by the pleadings, to wit, as to the nonpayment of the mortgage debt. It is true that the findings do not cover that matter, but in view of the fact that the trial court properly determined, under the decision of the supreme court in the case, the lien of a materialman to be superior to that of a mortgagee, such finding, if made, would not have indicated any different judgment than that entered. The omission, therefore, must be considered here as an immaterial one. There is evidence shown in the record establishing the value of the automobile and the amount of the lien charges held by the defendant against it.

We find no error justifying the claim for reversal.

The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 1, 1920.

All the Justices concurred.