[Civ. No. 2329. Third Appellate District.—October 17, 1921.]

## ISAAC MATSON et al., Appellants, v. FORTUNA HIGH SCHOOL DISTRICT et al., Respondents.

[1] Costs—Nonsuit.—A defendant is entitled to recover his costs on the granting of his motion for a nonsuit.

APPEAL from a judgment of the Superior Court of Humboldt County. George D. Murray, Judge. Modified and affirmed.

The facts are stated in the opinion of the court.

Henry L. Ford for Appellants.

H. C. Nelson for Respondents.

FINCH, P. J.—This appeal is from an order denying plaintiffs' motion to strike out the memorandum of costs of certain defendants and taxing said costs at the sum of $82.65. At the close of plaintiffs' case the court granted a nonsuit as to those defendants and judgment was entered in their favor for their costs.

[1] Appellants contend that a defendant is not entitled to recover his costs on the granting of his motion for a nonsuit. Section 581 of the Code of Civil Procedure provides: "An action may be dismissed, or a judgment of nonsuit entered . . . by the court, upon motion of the defendant, when upon the trial the plaintiff fails to prove a sufficient case for the jury." Section 1024 provides: "Costs must be allowed of course to the defendant upon a judgment in his favor in the actions mentioned in section ten hundred and twenty-two, and in special proceedings." Under these provisions of the code the defendants were clearly entitled to costs. In *Spinks* v. *Superior Court*, 26 Cal. App. 793 [148 Pac. 798], it is held that when a plaintiff dismisses the action pursuant to section 581 of the Code of Civil Procedure the defendant is entitled to recover costs. No reason appears why a different rule should govern where a nonsuit is granted on motion of the defendant under the same section of the code.

Respondents admit that the court, through inadvertence, allowed the defendants an item of costs in the sum of $2.50 to which they were not entitled and consent that their costs be reduced accordingly.

The order appealed from is modified by reducing the amount taxed as costs to the extent of $2.50, and, as so modified, the order is affirmed, the respondents to recover costs of appeal.

Burnett, J., and Prewett, J., *pro tem.*, concurred.