[L. A. No. 20018.   In Bank.   Oct. 24, 1947.]

EDWARD F. SCHUBERT et al., Appellants, v. LUCILLE BATES et al., Respondents.

George R. Larwill and Charles W. Wolfe for Appellants.

John F. Poole for Respondents.

SHENK, J.—This is an appeal from a judgment of the superior court in a certiorari proceeding which affirmed an order of restitution in an unlawful detainer action in the Municipal Court of the City of Los Angeles. The plaintiffs in that action (petitioners in the certiorari proceeding), purchased the property in question on October 8, 1943. Prior to that time Lucille Bates, the defendant in that action, has occupied the premises with her family on a month to month tenancy. The parties will be referred to by their designations in the unlawful detainer action. On October 13, 1943, the plaintiffs procured from the Office of Price Administration a certificate authorizing them to evict the tenants at the expira-

tion of three months from that date. The plaintiffs did not serve the defendant with a notice to surrender possession for almost a year. A notice to quit the premises on November 1, 1944, was served on September 28, 1944. The defendant did not vacate and the action in unlawful detainer was commenced on November 16, 1944. The defendant filed an answer which did not contain any request for affirmative relief. On November 30, 1944, the respondent municipal court rendered judgment for the plaintiffs for recovery of possession, damages and costs. On the defendant's application, execution on the judgment was stayed until December 27, 1944. No writ or other process was issued or served to enforce the judgment. On December 26, 1944, the defendant vacated the premises. The plaintiffs took possession on January 10, 1945. The defendant appealed from the judgment. On October 11, 1945, the appellate department of the superior court reversed the judgment and remanded the cause for a new trial on the ground that service of the notice terminating the month to month tenancy was insufficient.

On October 15, 1945, the plaintiffs moved in the municipal court to dismiss the action. On October 22d, they filed with the clerk of that court, pursuant to section 581 of the Code of Civil Procedure, a request to dismiss and a dismissal was entered in the register of actions. On the same day the defendant, without first obtaining leave of court, filed a supplemental answer seeking affirmative relief. Concurrently she filed a motion to be restored to possession of the premises basing her request on the reversal of the judgment. On that date the hearing on the plaintiffs' motion to dismiss was continued to, and the defendant's motion for restoration of possession was set for hearing on, October 29, 1945. On the latter date, after hearing, the court took both motions under advisement, and on November 19th, denied the plaintiffs' motion to dismiss and granted the defendant's motion to be restored to possession. On November 21, 1945, the plaintiffs moved to vacate the order of restitution and to reconsider the motion to dismiss. That motion was denied. On November 27, 1945, they filed in the superior court the present proceeding in certiorari. The petition alleged the foregoing facts and prayed that the order of November 19th, granting the motion for restitution be annulled. It is that order and none other that is the subject of attack in the certiorari proceeding. When

that order was made there was no showing, although it was subsequently sought to show, that the plaintiffs were not then in possession of the property. If there were bona fide purchasers in possession at that time whose rights were superior to those of the defendant their interests, it is assumed, would not be affected by the order under review.

A preliminary question is whether certiorari was available to the plaintiffs. It was not if the order of restoration was appealable, or was reviewable on appeal from a final judgment.

The minute entry of November 19, 1945, shows that the denial of the plaintiffs' motion to dismiss was based on the opinion of the court that the dismissal by request was effective (citing *Richards* v. *Bradley*, 129 Cal. 670 [62 P. 316]). The cited case indicates that after reversal of a judgment the parties are restored to their original rights, including the right of the plaintiff to dismiss the action pursuant to section 581, subdivision 1, Code of Civil Procedure, if its exercise would not interfere with the right of the defendant to any appropriate affirmative relief; also that the right to dismiss pursuant to that section may be exercised with the same effect either by request filed with the clerk or by motion addressed to the court. (See, also, *McDonald* v. *California Timber Co.*, 2 Cal.App. 165, 166 [83 P. 172]; cf. *Huntington Park Co.* v. *Superior Court*, 17 Cal.App. 692 [121 P. 701].) The subsequent filing of a cross-complaint or answer requesting affirmative relief will not defeat the right (*Hinkel* v. *Donohue*, 90 Cal. 389 [27 P. 301]), nor will the right be impaired or lost by the refusal of the clerk to perform his duty (*Kaufman* v. *Superior Court*, 115 Cal. 152 [46 P. 904]).

The plaintiff proceeded by both methods, first by motion and then by request to the clerk before the motion was determined. The record indicates that the defendant's supplemental answer and her motion for restoration were filed after the plaintiffs' requested dismissal was entered. If that dismissal be deemed effective, we have a case where there is no final judgment and the order of restoration of possession may be said not to be appealable as an order made after final judgment. (Code Civ. Proc., subd. 7, § 983; *Sharp* v. *Miller*, 66 Cal. 98 [4 P. 1065]; *Tripp* v. *Santa Rosa Street R. Co.*, 69 Cal. 631, 633 [11 P. 219].) An order, following the reversal of a judgment and remanding for new trial, would be reviewable on appeal from a final judgment on retrial. (*In re Kling*, 48 Cal.App. 739 [192 P. 453]. But compare

*Pico* v. *Cuyas,* 48 Cal. 639; *Bank of America* v. *McLaughlin,* 37 Cal.App.2d 415 [99 P.2d 548]; *First-Trust etc. Bank* v. *Meredith,* 19 Cal.App.2d 103, 105 [64 P.2d 977]; *Hansen* v. *d'Artenay,* 13 Cal.App.2d 293 [57 P.2d 202], where without discussion appeals from orders made after reversal of the judgment were entertained.) For purposes of disposing of the contentions on this appeal, however, we shall assume that the order of restoration was not appealable, that there will not be a further trial or a final judgment in the case, and that the present certiorari proceeding was therefore available to test the validity of the order of restoration. (Code Civ. Proc., § 1068; *Burlingame* v. *Justice's Court,* 1 Cal.2d 71 [33 P.2d 669].) The superior court determined that the order of restoration was not in excess of the jurisdiction of the municipal court. The correctness of that determination is the subject of inquiry on this appeal.

The power of the appellate courts to restore benefits lost pursuant to a judgment modified or reversed exists by virtue of sections 957 and 988f of the Code of Civil Procedure. ■ But the power of a court whose order or judgment has been reversed to order restoration after reversal is inherent in that court. (*Reynolds* v. *Harris,* 14 Cal. 667, 680-681 [76 Am.Dec. 459]; *Polack* v. *Shafer,* 46 Cal. 270, 276; *Hewitt* v. *Dean,* 91 Cal. 617, 620 [28 P. 93, 27 Am.St.Rep. 227]; *Heydenfeldt* v. *Superior Court,* 117 Cal. 348 [49 P. 210]; *Kenney* v. *Parks,* 120 Cal. 22, 24 [52 P. 40]; *Levy* v. *Drew,* 4 Cal.2d 456, 459 [50 P.2d 435, 101 A.L.R. 1144]; *Oldfield* v. *Bank of America etc. Assn.,* 6 Cal.2d 103, 107, 112 [56 P.2d 1235]; *Hansen* v. *d'Artenay, supra,* 13 Cal.App.2d 293, 297; *Bank of America* v. *McLaughlin, supra,* 37 Cal.App.2d 415, 417; see, also, cases collected in Seavey and Scott's Notes to Restatement of the Law of Restitution, p. 84.) Thus, that power of the court and the right of the party prevailing on the appeal to have it exercised exist independently of the request for its exercise. ■ Therefore, the plaintiffs' requested dismissal, if otherwise proper pursuant to section 581, subdivision 1, Code of Civil Procedure, would not deprive the municipal court of jurisdiction to grant the appropriate relief to which the defendant is entitled after reversal of its judgment in the unlawful detainer action. In other words, while the plaintiff has the right to dismiss the action before trial, where no counterclaim or request for affirmative relief has been filed, that right, after a trial and reversal of the judgment,

is subject to the right of the defendant to restoration of benefits lost by virtue of the erroneous judgment. The court has inherent power to enforce that right, unaffected by the right of the plaintiff to dismiss the action. The existence of the power to restore benefits after reversal flows from the rule that upon reversal the action is as though it had never been tried, and the court will, where justice requires it, place the parties as nearly as may be in the condition in which they stood previously. (*Cowdery* ·v. *London etc. Bank,* 139 Cal. 298, 304-305 [73 P. 196, 96 Am.St.Rep. 115].) While the rule again opens up the plaintiffs' opportunity to dismiss, it is likewise applicable to prevent the dismissal from depriving the defendant of any relief to which she may be entitled by virtue of the reversal. Its application has so been limited to guard a defendant's right to statutory costs. (*Hopkins* v. *Superior Court,* 136 Cal. 552 [69 P. 299]; *Matson* v. *Fortuna High School Dist.,* 54 Cal.App. 586 [202 P. 167]; *Spinks* v. *Superior Court,* 26 Cal.App. 793 [148 P. 798].) A similar result should obtain in the present case, wherein a dismissal by the plaintiff may not be deemed to divest the court of jurisdiction to enforce upon reversal the defendant's right to restoration of benefits lost pursuant to the erroneous judgment. That the municipal court correctly viewed the continuance of its jurisdiction for the purpose of considering the defendant's right to restoration is indicated by the denial of the plaintiffs' motion to reconsider the order denying their motion to dismiss.

The plaintiffs contend, however, that the jurisdiction of the municipal court in that respect could be invoked and exercised only where the defendant had lost possession through compulsion, as by forcible eviction under execution process; that the vacation of the premises by the defendant was a voluntary surrender of the premises; that the order for restoration was therefore an exercise of power in excess of jurisdiction. The plaintiffs thereby seek a declaration that forcible eviction pursuant to execution process constitutes a jurisdictional fact which must exist before the power attaches to make the order of restoration.

The absence of the claimed jurisdictional fact is conceded. The question is whether, as a basis for the exercise of jurisdiction to determine the merits of the defendant's motion for restoration, there must have been a forcible ouster pursuant to execution process.

The exercise of power to restore benefits after reversal has been declared to be discretionary. (*Spring Valley W. W.* v. *Drinkhouse*, 95 Cal. 220 [30 P. 218]; *Yndart* v. *Den*, 125 Cal. 85 [57 P. 761]; *Hansen* v. *d'Artenay, supra*, 13 Cal. App.2d 293, 297; *Bank of America* v. *McLaughlin, supra*, 37 Cal.App.2d 415, 418.) The discretionary element is inconsistent with an assertion that the relinquishment of possession pursuant to a judgment declaring the parties' rights must in addition have been by forcible means before the court has power to place the parties where they were before the rendition of the erroneous judgment. In *Bank of America* v. *McLaughlin, supra* (37 Cal.App.2d 415, at 417), it was indicated that "a party is ordinarily entitled to restitution after a reversal of a judgment if he has been deprived of property by virtue of said judgment or by virtue of process issued upon said judgment." The rule is stated as follows in Restatement of the Law of Restitution, section 74: "A person who has conferred a benefit upon another in compliance with a judgment, or whose property has been taken thereunder, is entitled to restitution if the judgment is reversed or set aside, unless restitution would be inequitable or the parties contract that payment is to be final; if the judgment is modified, there is a right to restitution of the excess." Under comment *b.*, the rule is stated to be applicable although no execution was issued and although a stay of execution was obtainable; the statement being added that coercion exists only in the sense that performance was a legal duty at the time. Cases in support of the rule and the statement of its application are collected in Seavey and Scott's Notes to Restatement of the Law of Restitution at page 86. In this state, in *Ashton* v. *Heydenfeldt*, 124 Cal. 14, 17 [56 P. 624], it was recognized that delivery of personal property by executors pursuant to a decree of distribution was not a voluntary or gratuitous act which would preclude their right to restitution when the decree was reversed. In *Ward* v. *Sherman*, 155 Cal. 287, 291 [100 P. 864], the rule was also recognized and, though the balancing of accounts showed nothing due, must be deemed to have been applied where possession of real and personal property had been relinquished pursuant to a judgment subsequently reversed, without any showing that the relinquishment was pursuant to execution process. In *Fritz* v. *Mills*, 170 Cal. 449, 455 [150

P. 375], the court expressed the opinion that the plaintiff's payment pursuant to judgment, without more, was not voluntary and that it would be inequitable for the defendant after reversal on appeal to profit by the payment which the plaintiff was, otherwise than by the judgment, under no obligation to make. In similar vein are the cases of *Warner Bros. Co.* v. *Freud,* 131 Cal. 639 [63 P. 1017, 82 Am.St.Rep. 400]; *Mortgage Securities Co.* v. *Pfaffman,* 47 Cal.App. 383 [190 P. 641]; and *Erickson* v. *Boothe,* 79 Cal.App.2d 266 [179 P.2d 611], holding that payment of money pursuant to decree, or surrender of possession of property pursuant to an adjudication of unlawful possession, although no execution issued, are not voluntary acts depriving the parties of rights relative to appeal or for restoration upon reversal of the judgment. The fact that in some cases benefits had been lost under the erroneous judgment pursuant to execution process, does not render futile the exercise of the power in cases where the only coercion was that of a judgment declaring the parties' rights and duties.

The plaintiffs place reliance upon the case of *Black* v. *Knight,* 176 Cal. 722 [169 P. 382, L.R.A. 1918C 319], which involved an action for damages for alleged unlawful eviction. The asserted unlawful eviction was the vacation of the premises by the tenant pursuant to a judgment in unlawful detainer before the issuance of a writ of execution. That judgment subsequently was reversed whereupon the landlord tendered repossession of the premises to the tenant, but the tender was refused and the action was thereupon dismissed. The tenant did not seek restoration to possession, nor any benefits lost by the erroneous judgment. The case indicates the showing necessary in an action for damages for unlawful eviction and is not controlling in the present certiorari proceeding, the sole purpose of which is to test the power of the municipal court to act in the premises.

We conclude that there was no requirement in law that the dispossession of the defendant be forcible or pursuant to execution process, before the court could exercise its inherent power to restore possession lost pursuant to a judgment reversed on appeal. It is sufficient that possession was relinquished pursuant to the judgment declaring the rights of the parties.

It is not contended that the respondent court failed to afford due process to the plaintiffs on the hearing of the

motion for restoration. The record shows that that court considered the merits of the motion—a subject not proper for consideration here; that its action was within its discretionary power; and that the order may not be annulled in a certiorari proceeding. (*Halpern* v. *Superior Court*, 190 Cal. 384, 387 [212 P. 916]; *Kupfer* v. *Brawner*, 19 Cal.2d 562, 565 [122 P.2d 268].) There was therefore no error on the part of the superior court in affirming the order.

The judgment is affirmed.

Gibson, C. J., Edmonds, J., Carter, J., Traynor, J., and Spence, J., concurred.

SCHAUER, J.—I dissent. The record shows that after the unlawful detainer judgment was rendered in favor of plaintiffs-petitioners and against defendant-respondent (hereinafter called plaintiffs and defendant, respectively) followed by defendant's surrender of possession of the premises, the rights of third parties who purchased the premises intervened. It is apparent that a complete determination of the controversy cannot be had without the bringing in of such third parties; their presence in the proceeding is jurisdictional (see authorities cited, *infra*). Consequently, the judgment of the superior court affirming on certiorari the order of the trial court that the defendant be placed again in physical possession of the premises, necessarily ousting the third parties, should be reversed.

The record discloses the chronological order of the material events in this controversy as follows:

October 8, 1943—Plaintiffs purchased the property in question, which at that time was being occupied by defendant as a month-to-month tenant.

October 13, 1943—Plaintiffs obtained from the Office of Price Administration a certificate authorizing eviction of defendant at the expiration of three months from that date, in order that plaintiffs might occupy the premises.

September 28, 1944—Plaintiffs gave notice terminating the tenancy and demanding that on November 1, 1944, defendant quit the premises. Defendant failed to do so.

November 16, 1944—Plaintiffs filed their complaint in unlawful detainer against defendant.

November 18, 1944—Defendant filed her answer to the complaint.

November 30, 1944—Respondent municipal court rendered judgment in plaintiffs' favor for possession of the premises, damages, and costs. On application of defendant, execution was stayed as to possession, to and including December 27, 1944.

December 26, 1944—Defendant vacated the premises.

January 10, 1945—Plaintiffs took possession, and thereafter had the premises redecorated, repaired and renovated.

January 25, 1945—Plaintiffs moved into the premises.

February 9, 1945—Defendant filed notice of appeal from the judgment.

August, 1945—Plaintiffs "negotiated for the sale of the premises," and thereafter delivered possession to the purchaser.

October, 1945—The sale of the premises "was consummated."

October 11, 1945—The appellate department of the superior court reversed the unlawful detainer judgment in plaintiffs' favor and remanded the cause for a new trial, on the technical ground that the notice terminating tenancy was not properly served.

October 15, 1945—Plaintiffs filed a notice of motion to dismiss the action in the municipal court.

October 19, 1945—Remittitur filed on the appeal to superior court.

October 22, 1945—Plaintiffs' motion to dismiss came on for hearing and was continued by the court because the files and papers in the action had not yet been returned to the municipal court from the appellate department of the superior court.

October 22, 1945—Plaintiffs, relying upon the provisions of subdivision 1 of section 581 of the Code of Civil Procedure, filed with the clerk of the municipal court their request to dismiss the action. The clerk entered a dismissal.

October 22, 1945—Subsequent to entry of dismissal, defendant filed a notice of motion "for an Order placing her in actual physical possession of the premises," by reason of the reversal of the unlawful detainer judgment. Concurrently, without first seeking leave of court, she filed a supplemental answer asking the same relief.

November 19, 1945—Defendant's motion for restitution of the premises was granted by the court, with execution stayed until November 26, 1945. Plaintiffs' motion to dismiss (filed

October 15) was denied by the court with a minute order notation: "dismissal on file effective."

November 21, 1945—Plaintiffs filed notice of motion to vacate the order of restitution and reconsider the motion to dismiss; and also filed supporting affidavits in which, for the first time, the fact was brought to the attention of the court that some weeks previously plaintiffs had sold the premises and delivered possession to the purchaser.

November 23, 1945—Court denied the above motion, and extended the stay of execution on the order of restitution to December 19, 1945.

November 27, 1945—Plaintiffs filed petition for certiorari in the superior court, challenging jurisdiction of municipal court to make the order of restitution.

March 13, 1946—Superior court affirmed on certiorari the order of restitution.

March 20, 1946—Plaintiffs filed notice of appeal from the judgment of the superior court in the certiorari proceeding.

Plaintiff Edward F. Schubert states, in his affidavit filed in support of plaintiffs' motion to vacate the order of restitution of the premises to defendant, that "in August, 1945, plaintiffs . . . negotiated for the sale of the premises. . . . In October, 1945, and prior to the hearing of the Motion to Dismiss . . . the sale of said premises was consummated and plaintiffs are no longer the owners of said premises and would be unable to deliver the same to defendant even if requested to do so.

"Plaintiffs lived in said premises during the time required by the OPA before selling said property and the purchaser has taken the property in good faith and without notice of the right as claimed by defendant to possession of the property.

"At the time the present owner negotiated for the purchase of the premises plaintiffs were in possession of the same and shortly after the escrow was opened for the sale of said property the present owner was placed in possession of the premises and has, ever since, been occupying and is now occupying the same as her home and dwelling."

Plaintiffs' attorney stated, also by affidavit, that "At the time of the original hearing [of defendant's motion for restitution and of plaintiffs' motion to dismiss] it was not shown to the Court . . . that it would be impossible to com-

ply with the order of restitution for the reason that the plaintiffs were no longer in possession of . . . [the premises], having sold same in good faith to a third person after defendant had voluntarily left the premises in December of 1944, which was not brought to the attention of the Court for the reason that these facts were deemed immaterial on the argument on motion to dismiss, the arguments being directed to the law in connection with the rights to dismiss the action and for the further reason that plaintiffs and their counsel understood and believed that the dismissal filed in said action would appear of record before the filing of the Supplemental Answer.''

It thus appears that at the time of the hearing on plaintiffs' motion to vacate the order of restitution the fact that the rights of third parties in possession of the premises had intervened was affirmatively brought to the attention of the court. The fact was not disputed. Nevertheless, without the bringing in of such third parties the court denied the motion and the superior court affirmed the order of restitution. In my opinion, the provisions of section 389 of the Code of Civil Procedure require that the third parties be brought in. That section provides, so far as here material, that:

''The court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a complete determination of the controversy cannot be had without the presence of other parties, the court must then order them to be brought in. . . .''

That bona fide purchasers of the property have rights which are entitled to protection is established by an abundance of authority. At page 1544 of 5 Corpus Juris Secundum it is stated that ''good faith purchasers of property, which has been taken under judgment, usually cannot be compelled to make restitution upon subsequent reversal or modification.'' (See, also, 3 Am.Jur. 744, § 1248.) Even a purchaser at an execution sale may not be required to restore the property upon reversal of the judgment. The rule in such a case is set forth as follows at page 312, section 74, of Restatement of the Law of Restitution: ''A person, other than the judgment creditor or his attorney, who purchases at a valid execution sale upon a judgment which is not void but which is subsequently reversed is entitled to retain the subject matter if, before reversal, he has obtained the legal

title and has paid value therefor. . . . Since the sale was lawful he is protected as a bona fide purchaser. . . . A person is not prevented from being a bona fide purchaser by the fact that he has knowledge that an appeal is pending or even that he has knowledge of the grounds for appeal. . . ." (Cf. *Reynolds* v. *Harris* (1860), 14 Cal. 667, 679 [76 Am. Dec. 459] ; *Polack* v. *Shafer* (1873), 46 Cal. 270, 276; *Cowdery* v. *London etc. Bank* (1903), 139 Cal. 298, 304-305 [73 P. 196, 96 Am.St.Rep. 115].) And at page 692, section 172, of the same work, appears the statement that "The principle that a person who innocently has acquired the title to property for which he has paid value is under no duty to restore it to one who would be entitled to reclaim it if he had not been innocent or had not paid value therefor, is of wide application, being a limitation upon the principle that a person who has been wrongfully deprived of his property is entitled to restitution. The question in such cases is which of two innocent persons should suffer a loss which must be borne by one of them. The principle which is applied by courts of equity is that they will not throw the loss upon a person who has innocently acquired title to property for value."

The same principle has previously been applied in this state where, as here, a judgment of eviction was reversed. In *Kennedy* v. *Hamer* (1861), 19 Cal. 374, possession of real estate had been taken from Kennedy (as defendant) after a writ of possession had issued upon a judgment of eviction. The plaintiff in the eviction suit then leased the land to Hamer. Subsequently, the judgment of eviction was reversed, and Kennedy brought an independent action seeking restitution. In affirming judgment in favor of Hamer, this court observed (p. 387-388 of 19 Cal.), "[I]t seems to us that the proceeding cannot be maintained as against the lessee, who, so far as appears, had no connection with the original tortious act [ejecting Kennedy] . . . Hamer was not a trespasser at all. For all that appears, he leased the premises from the lawful owner of them, that owner having a right of entry, though, as we might concede, no right to dispossess Kennedy by force. It would be very unreasonable to hold that Hamer should be held to a *quasi* criminal responsibility under these circumstances."

Despite the fact that the interest of allegedly bona fide purchasers of the premises was brought to the attention of

the court, no action was taken to bring them in in order that "a complete determination of the controversy" could be had. As declared in *Ambassador Petroleum Co.* v. *Superior Court* (1930), 208 Cal. 667,. 671 [284 P. 445], "when the trial court finds, or the record indisputably shows, that a 'complete determination of the controversy cannot be had without the presence of other parties,' such parties become necessary and indispensable parties and the section is mandatory and the question then becomes one of jurisdiction in that the court may not proceed without bringing them in." (See, also, 20 Cal.Jur. 534, 21 Cal.Jur. 82-83, and cases there cited.) Thus, the jurisdictional writ of prohibition will issue to prevent the court from proceeding until such necessary parties are brought in. (*Ambassador Petroleum Co.* v. *Superior Court* (1930), *supra; Bank of California* v. *Superior Court* (1940), 16 Cal.2d 516, 523 [106 P.2d 879] ; *Ash* v. *Superior Court* (1917), 33 Cal.App. 800 [166 P. 841] ; *Morrow* v. *Superior Court* (1935), 9 Cal.App.2d 16, 26 [48 P.2d 188, 50 P.2d 66] ; *Bayle-Lacoste & Co.* v. *Superior Court* (1941), 46 Cal.App.2d 636, 646 [116 P.2d 458].) And the "objection that an indispensable party has been omitted may be raised at any time by the trial or appellate court of its own motion if the parties fail to make the objection. The requirement that indispensable parties be before the court is mandatory. [Citations.]" (*Hartman Ranch Co.* v. *Associated Oil Co.* (1937), 10 Cal.2d 232, 265 [73 P.2d 1163].)

Obviously, no binding adjudication can be reached concerning possession of property without the bringing in of those who are actually in possession under a claim of bona fide ownership, and certainly bona fide purchasers in actual possession should not be put out of possession under a writ issued in proceedings to which they are not parties. Consequently, it is apparent that such purchasers are indispensable parties to this proceeding, and that inasmuch as that fact appears of record this court in. affirming an order or judgment that possession be restored to another without the bringing in of such parties and the protection of their rights approves the violation by the trial court of a mandatory duty to bring in the purchasers.

The judgment of the superior court should be reversed and the cause remanded with directions that the court enter its order annulling the order of the municipal court.