[Civ. No. 18945. Second Dist., Div. Two. July 17, 1952.]

LUCILLE BATES, Appellant, v. EDWARD F. SCHUBERT et al., Respondents.

John F. Poole for Appellant.

Larwill & Wolfe for Respondents.

McCOMB, J.—From a judgment in favor of defendants, predicated upon the sustaining of a demurrer to their third amended complaint without leave to amend, in an action to recover damages for wrongful eviction, plaintiff appeals.

*Facts*: On February 21, 1948, plaintiff filed a complaint for wrongful eviction. Subsequently, after various proceedings, a third amended complaint was filed December 5, 1949. In this pleading it was alleged:

1. Plaintiff had occupied the premises for more than three years prior to October 8, 1943;

2. November 16, 1944, defendant Schubert filed suit for eviction against plaintiff;

3. December 14, 1944, the municipal court rendered judgment in the eviction action in favor of plaintiff [defendant herein];

4. December 26, 1944, pursuant to the judgment of eviction and the refusal of the court to stay execution thereof, plaintiff was compelled to leave said premises;

5. Thereafter the judgment of eviction was reversed by the appellate department of the superior court and the action was subsequently dismissed by defendant Schubert.

Defendants never obtained the issuance of process for the restoration of the premises to them upon the judgment of eviction which they had obtained in the municipal court.

*Question: Did plaintiff's third amended complaint fail to state a cause of action for the reason that it affirmatively appeared therein that plaintiff voluntarily surrendered the premises without defendants' having issued any legal process to obtain possession of the property?*

*Yes.* When a landlord without malice prosecutes an unlawful detainer action to a judgment which, by its terms, requires the tenant to deliver possession of the premises, and the tenant thereupon surrenders the possession without the issuance of process, and the judgment is reversed on appeal, the tenant is not entitled to maintain an action for damages for wrongful eviction. (*Black* v. *Knight,* 176 Cal. 722, 724 et seq. [169 P. 382, L.R.A. 1918C 319].)

In the instant case the questioned pleading discloses that plaintiff voluntarily vacated the premises and was not removed therefrom pursuant to a writ of execution or other process predicated upon the judgment in the unlawful detainer action instituted by defendant Schubert. There is nothing in *Schubert* v. *Bates,* 30 Cal.2d 785 [185 P.2d 793] contrary to the foregoing rule. Such case merely holds so far as material here that where judgment in favor of plaintiff in an unlawful detainer action has been reversed on appeal, the trial court has a right to issue an order repossessing the tenant even though such tenant was not evicted forcibly or pursuant to eviction process. (*Schubert* v. *Bates, supra,* 792.)

Judgment affirmed.

Moore, P. J., and Fox, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 11, 1952.