[Civ. No. 2348.   Second Appellate District.—April 6, 1917.]

FRANK POHLMANN, Petitioner, v. L. R. PATTY, as County Clerk of San Bernardino County, Respondent.

ELECTION LAW—DEFECTIVE AFFIDAVITS OF REGISTRATION—ACCEPTANCE BY CLERK — PART OF GREAT REGISTER — CANCELLATION UNAUTHORIZED.—Where in the preparation of an affidavit of registration for election purposes, the county clerk failed and neglected to enter in the affidavit the fact that the affiant could read the constitution in the English language, and could write his or her name, which in fact he could do, such officer, by receiving the affidavit and accepting it for registration purposes, and by holding it in his office together with the other affidavits of registration constituting the great register of the county, without objecting to its sufficiency when presented and received by him, thereby makes the same a part of the great register, and is without power to thereafter cancel the affidavit or to withhold the same from use in an election.

ID.—CANCELLATION OF REGISTRATIONS—CONSTRUCTION OF CODE.—Section 1106 of the Political Code, which sets forth the instances in which it is made the duty of the county clerk to cancel entries of registration of voters, does not include the cancellation of affidavits of registration on account of failure of the affidavits to contain answers to questions as to whether the person being registered could read the constitution in the English language or write his or her name, which, under section 1097 of such code, should have been answered in the affidavits, as the provisions of the latter section are directory and not mandatory.

APPLICATION for a Writ of Mandate originally made to the District Court of Appeal for the Second Appellate District.

The facts are stated in the opinion of the court.

Ralph E. Swing, and Frank T. Bates, for Petitioner.

THE COURT.—On petition of Frank Pohlmann an alternative writ was issued to L. R. Patty, as county clerk of the county of San Bernardino, requiring him to appear and show cause why a peremptory writ of mandate should not issue directing him to transmit, as part of the great register of the county of San Bernardino, certain affidavits of registration to the boards of election appointed to hold and conduct an election called to be held in the city of San Bernardino on the ninth day of April, 1917. Without any formal return the respondent appeared personally before this court and stated that he is ready and willing to submit to such order as the court shall make; it being understood that the decision will be made upon the facts alleged in the petition.

For more than thirty days prior to the ninth day of April, 1917, the petitioner and each of the other persons whose names are set forth in two certain exhibits attached to the petition, registered as qualified electors of the city of San Bernardino by subscribing and swearing to the affidavit of registration provided for that purpose by the respondent county clerk, and then and there answered each and every question asked of them. At the time of so registering each of said petitioners was a resident of the precinct from which he registered. At said time respondent failed and neglected, and has since failed and neglected, to enter in the affidavit of registration of each of the persons named in Exhibit "A," the fact that such person being registered could read the constitution in the English language and could write his or her name. In fact, each of said persons could read the constitution in the English language and could write his or her name. Respondent failed and neglected to enter in the affidavit of registration of each of said persons whose names appear in Exhibit "B" the number of the room and the floor or number of the room or floor occupied by said persons.

Prior to the filing of this petition, the petitioner demanded that the respondent make the omitted entries in each and all of such affidavits of registration, but respondent refused to make such entries or correct such affidavits of registration. The respondent contends that each of said registrations is void and illegal, and that it forms no part of the great register of said county, and threatens to take and remove each of said affidavits of registration from the great register of said county, and threatens to withhold said affidavits of registration, and not send or transmit the same or any of them to the boards of election appointed to conduct an election to be held in the city of San Bernardino on the ninth day of April, 1917. The petitioner maintains this proceeding for and on behalf of himself and the numerous persons whose names appear in said exhibits.

The affidavits in question showed all the qualifications of the electors as required by sections 1096 and 1097 of the Political Code, except as above stated. They have been regularly received and are in the hands of the clerk as affidavits of registration made by qualified electors. It is not contended that any reason exists why they should not be transmitted to the boards of election of the several precincts, except on account of those formal defects.

It is our opinion that by receiving said affidavits of registration and accepting them for registration purposes at the times when presented and holding them in his office, together with the other affidavits of registration constituting the great register of San Bernardino County, without objecting to their sufficiency at the time when they were presented and when he received them, the county clerk made those certificates a part of the great register of said county. Having done so, he is without power to cancel those certificates or to withhold the same from use in the election to be held, and is without power thereby to deprive those registered voters of the right to vote at the election. Section 1106 of the Political Code sets forth the instances in which it is made the duty of the clerk to cancel entries of registration of voters. The instances there specified do not include the cancellation of an affidavit of registration on account of any defects of form, or on account of failure of the affidavits to contain answers to questions of the character hereinabove specified which, under the provisions of section 1097 of the Political Code, should have

been answered. The provisions of the statute affecting the matters in question are directory and not mandatory. We do not doubt that the clerk might refuse to receive a defective affidavit; and it might be his duty to so refuse. The law places in his hands the business of receiving affidavits of registration and making up the great register. In determining the sufficiency of the affidavits his acts are of a judicial nature, and before accepting them it is his duty to pass upon the certificates and see that they are sufficient in form. His acceptance of the certificates amounts to a judgment making them a part of the great register. Thereupon the qualified voter becomes entitled to have his name upon the great register, and the clerk is not vested with authority to thereafter remove it therefrom. If subsequently there should occur any facts of the description contained in section 1106 of the Political Code, that section states that the clerk must cancel the registration, or if any facts occur which result in a judgment of cancellation of a registration, it may be eliminated thereby as provided by section 1109 of the Political Code. In the absence of any of those conditions, the clerk may not interfere with the legal effect of any registration of a voter, and it is his duty to send the affidavits of registration to the boards of election as provided by law.

Referring to the complaint of petitioner that respondent has refused to alter the affidavits of registration referred to in the petition by supplying the omitted entries therein, we are of the opinion that the county clerk is without authority to change them after they have been accepted and have become a part of the great register. The statements contained in such affidavits are the evidence furnished by the voter upon which the clerk has acted in receiving the voter's name for registration.

It is ordered that a peremptory writ of mandate issue to the respondent, directing that he furnish and transmit to the boards of election appointed to hold and conduct said election in the city of San Bernardino, as part of the great register of said county, the affidavits of registration referred to in the petition.