[Civ. No. 2347.    Second Appellate District.—May 31, 1917.]

## GUY L. ASH et al., Petitioners, v. SUPERIOR COURT, etc., et al., Respondents

ELECTION LAW — CANCELLATION OF REGISTRATION OF VOTERS — PARTIES TO ACTION—PROHIBITION.—In an action brought by electors under section 1109 of the Political Code to compel a county clerk to cancel certain registrations of voters, such voters are necessary parties defendant under section 1111 of such code, and the court is without jurisdiction, in an action wherein the county clerk is the sole party defendant, to render a valid judgment of cancellation, and prohibition will lie to restrain the superior court from proceeding with the action until such voters are made defendants and served with lawful process.

APPLICATION for a Writ of Prohibition originally made to the District Court of Appeal for the Second Appellate District to restrain the Superior Court from proceeding with an action to cancel certain registrations of voters.

The facts are stated in the opinion of the court.

Ralph E. Swing, and Frank T. Bates, for Petitioners.

H. T. Dewhirst, *in pro. per.*, and Cecil H. Phillips, for Respondents.

CONREY, P. J.—On the twenty-seventh day of March, 1917, an action was commenced in the superior court of San Bernardino County by Grant Holcomb and others, electors in the city of San Bernardino, against the county clerk of San

Bernardino County, to compel the clerk to cancel certain registrations of voters. The action was instituted in accordance with section 1109 of the Political Code, which reads as follows: "Any person may proceed by action in the superior court to compel the clerk to cancel any registration made illegally, or that ought to be canceled by reason of facts that have occurred subsequent to the time of such registration; but if the person whose name is sought to be canceled be not a party to the action, the court may order him to be made a party defendant." Section 1111 of the same code reads as follows: "In an action under the authority of section eleven hundred and nine the clerk and as many persons as there are causes of action against may be joined as defendants."

The object of the action was to obtain cancellation of registrations of three groups of persons separately listed in Exhibits "A," "B," and "C," of the complaint. It was alleged that each of the persons named in Exhibit "A" does not reside in and has removed from the precinct within which his affidavit of registration stated that he resided at the time of registration. As to each of the persons named in Exhibit "B," it was alleged that the affidavit of registration fails to show whether or not the registering person is able to read the constitution of the United States. As to each of the persons named in Exhibit "C," it is alleged that his affidavit of registration stated a place of residence of the registering person which in fact was conducted as a lodging-house, but did not show what room or floor of such house of residence the registering person occupied; that as to each of the persons named in Exhibit "C" he was not in fact the proprietor or head of or the husband or wife of the proprietor or head of said house. The affidavits of registration referred to of the persons listed in Exhibits "B" and "C" were defective, in that they failed to show facts which are required by the provisions of section 1096, subdivisions 2 and 7, of the Political Code.

Petitioner Guy L. Ash is one of the persons named in Exhibit "A"; petitioner Mrs. Irene Hansen is one of the persons named in Exhibit "B"; and petitioner Frank Pohlmann is one of the persons named in Exhibit "C." They present this petition on behalf of themselves and many other of the persons named in said exhibits. None of said persons are

parties named in the complaint in the action of *Holcomb* v. *Patty,* and none of them have been ordered to be made parties defendant. The superior court in that action did, on March 27, 1917, make an order that the persons named in said exhibits appear before the court on April 5, 1917, and show cause why their registrations should not be canceled, and that notice of such order be served by mailing a copy of the notice to each of those persons at least five days before April 5, 1917. Aside from this procedure, no service of process has been made upon any person other than the county clerk, who is the sole party defendant. The order to show cause and the mailing of notices in the manner required by said order of court did not constitute any process of law which may be recognized as applicable to the case, and cannot be recognized as having any effect to bring those persons within the jurisdiction of the court.

The clerk has filed his answer in that action and, unless prohibited from so doing, the superior court will proceed to hear and determine the action without making said persons defendants and without service of any lawful process upon them or any of them.

Petitioners claim that the superior court is without jurisdiction to proceed against the clerk alone and order the cancellation of the registrations of the petitioners or any of the persons represented by them in this proceeding. The argument is that each registered voter has a vested right to have his name remain upon the register until it shall be removed by lawful authority; that therefore in any action to cancel the registration of his name he is a necessary party, and judgment adversely affecting his status as a registered voter cannot be rendered unless he has been served with summons or has voluntarily appeared in the action. It is further claimed that as to registered voters belonging to any of the classes comprised within said action, the provisions of section 1111 are mandatory; that the statement in that section that "as many persons as there are causes of action against may be joined as defendants" should be construed as reading to the effect that such persons "*must* be joined as defendants." In this contention we agree with the petitioners. Primarily the register of elections is a public record created for the purpose of identifying qualified electors, in order to safeguard elections and preserve the purity of the ballot-box. But it

is equally true that a qualified elector who complies with the
law has the personal right to have his affidavit of registration
received and filed, and that it shall for the lawful period re-
main a part of the register. After his affidavit has been re-
ceived and has become a part of the register of elections, he
cannot be deprived of this right without some procedure which
complies with the requirements of due process of law. In
*Pohlmann* v. *Patty, ante,* p. 390, [165 Pac. 447], we said that
in determining the sufficiency of the affidavits the acts of the
clerk are of a judicial nature, and before accepting them it
is his duty to pass upon the certificates and see that they are
sufficient in form. "His acceptance of the certificates
amounts to a judgment making them a part of the great regis-
ter. Thereupon the qualified voter becomes entitled to have
his name upon the great register, and the clerk is not vested
with authority to thereafter remove it therefrom. If subse-
quently there should occur any facts of the description con-
tained in section 1106 of the Political Code, that section states
that the clerk must cancel the registration, or if any facts
occur which result in a judgment of cancellation of a regis-
tration, it may be eliminated as provided by section 1109 of
the Political Code." There may be instances in which the
action authorized by section 1109 of the Political Code may
be prosecuted and a valid judgment rendered compelling the
clerk to cancel registrations without bringing in as party de-
fendant any person other than the clerk. This would seem
necessarily to be so in case of the death of the person regis-
tered. But whatever may be said of other instances of can-
cellation of registrations as provided by section 1106 of the
Political Code, we think that the power of cancellation of a
completed registration without notice to the person whose
registration is sought to be canceled cannot be exercised arbi-
trarily and without notice under any of the circumstances in-
cluded within the action now pending in the superior court.
If the clerk should wrongfully attempt to cancel a registra-
tion, there would be a remedy by writ of *mandamus* to compel
him to restore the name to the register. But if it be held
that a valid judgment may be entered compelling the clerk
to cancel a registration in an action wherein the person
affected is not made a party defendant, such judgment would
effectively stand in the way of any procedure against the clerk
to compel recognition of the registered person's rights. He

would have been deprived of a vested right without any opportunity to defend that right, and yet there would be no further legal remedy.    To this it is no answer to say that he may then have his name restored to the register by filing a new affidavit of registration; for the wrong may have been done during those days preceding an election when by law the right of registration is suspended.

We may say here, as was said by the supreme court of New York in a similar case, that if the statute may be properly construed to give a judge the right to prevent any person from voting by striking his name from the register—as under the existing law the names of voters must be registered for a specified period of time prior to an election—without adequate procedure to bring such person before the court, "then the provision is of a sweeping and revolutionary character and dangerous in the extreme. . . . Such a power so construed would be unconstitutional as to its exercise, would deny the right of suffrage granted by the constitution of the state, and would leave the election . . . entirely within the power of state judicial officers."    (*In re Ward,* 20 N. Y. Supp. 606.)

It is ordered that the peremptory writ issue prohibiting the respondent court and the judge thereof from canceling or ordering to be canceled any of the affidavits of registration of the petitioners herein or of any other of the persons mentioned in and referred to in their petition, except such of those persons as shall have appeared therein or have been duly made parties defendant and served with lawful process within due time prior to the time of the hearing of said action in the superior court.

James, J., and Shaw, J., concurred.