[Civ. No. 4661. Third Appellate District.—April 7, 1932.]

CALIFORNIA COTTON CREDIT CORPORATION (a Corporation), Petitioner, v. THE SUPERIOR COURT OF MADERA COUNTY, Respondent.

Irvine P. Aten for Petitioner.

George Mordecai for Respondent.

PLUMMER, J.—This cause is before us upon an application of the above-named petitioner for a writ of mandate to be directed to the respondent court, directing and requiring the recall of an execution issued upon a judgment in a certain action theretofore tried in the said court, known as and numbered "action 4587", wherein one J. W. Gilstrap obtained a judgment against the petitioner in the sum of $410 and costs, and further praying that said court, and that the defendant J. W. Gilstrap, in said action, his agents and representatives, be enjoined and restrained from proceeding with an execution in said action until the further order of this court.

It further appears by the record that the California Cotton Credit Corporation, a corporation, has instituted an action in said court against the defendant, J. W. Gilstrap, to recover the sum of $1162.25, alleged to be the balance due upon a certain promissory note executed by the said Gilstrap to the California Cotton Credit Corporation, a corporation, secured by a chattel mortgage on growing crops and on certain personal property. The complaint in the action just referred to further prays that the judgment in favor of the defendant Gilstrap against the above-named corporation, as hereinabove mentioned, be set off and allowed as a credit upon the note and mortgage held by the California Cotton Credit Corporation, a corporation, against the said Gilstrap.

The facts as disclosed by the record show that during the month of March, 1931, J. W. Gilstrap executed a promissory note in favor of the California Cotton Credit Corporation, a corporation, for the principal sum of $3,600, and at the same time executed a chattel mortgage covering crops to be grown upon the premises described therein, and also including in the chattel mortgage the following personal property: "One Fordson tractor with plow attachments; one team of grey horses; one cotton planter; one riding cultivator; 1 section harrow; 2 sets of harness; 1 trailer; and one middle buster." Upon this note the record shows that there has been paid the principal sum of $2,437.35. Thereafter, the petitioner in this action began a suit against the said J. W. Gilstrap, in claim and delivery, and took possession from the said Gilstrap of the following personal property:

"1 Roan horse, age 9, Wt. 1200#; 1 Bay horse, age 8, Wt. 1300#; 1 black mare mule, age 10, Wt. 900#; 1 grey mare mule, age 10, Wt. 850#; 1 bay mare mule, age 9, Wt. 900#; 1 bay horse mule, age 9, Wt. 900#; 1 case tractor 15-27; 1 set double harness; 1 plow, John Deere 4-gang 10"; 1 Killifer disk; 1 planter; 1 John Deere cultivator; 1 cultivator; 2 sections spring-tooth harrow."

Upon the trial of this action the defendant Gilstrap had judgment for the return of said personal property, or the value thereof, including costs, in the sum of $410. This suit was prosecuted in the justice's court and was subsequently appealed to the superior court by the California Cotton Credit Corporation, a corporation, and a like judgment was therein entered in favor of the said Gilstrap against said corporation, for the return of said property, or the value thereof, in the sum which we have mentioned. The claim and delivery action for the possession of the personal property which we have described appears to have been prosecuted upon the theory that the property of which the plaintiff took possession was the property described in the chattel mortgage. The judgment of the court is, however, to the contrary, and a comparison of the descriptions of the property amply supports the judgment of the trial court.

It is this judgment which the petitioner before us in the action now being prosecuted in the respondent court, seeks to have offset as a credit against whatever judgment

the corporation may obtain against the defendant Gilstrap, as a balance due upon the note and chattel mortgage referred to. In other words, that the amount of the judgment obtained by Gilstrap shall be allowed and entered as a credit on the indebtedness, if any, still existing in favor of the corporation, on the note and chattel mortgage, and this court is asked to stay execution, and by its writ of mandate require the trial court to recall the execution heretofore issued on the $410 judgment obtained by Gilstrap against the corporation.

By reason of what we have just stated it clearly appears that the interests of J. W. Gilstrap would be materially affected by the issuance of a writ of mandate and injunction herein as prayed for by the petitioner. His right to have the execution already issued, carried into effect would be determined, and if an injunction were issued, his right to take any proceedings based upon the judgment which he holds against the petitioner would likewise be affected; the same would be true were an order made directing the trial court to make any orders by reason of which the judgment in the sum of $410 held by Gilstrap against petitioner should be considered as a credit or offset to any judgment that might be obtained by the petitioner in its foreclosure suit. Such orders cannot be made, nor can it be determined whether the property, or any portion thereof, for the conversion of which Gilstrap obtained judgment against petitioner, was or was not exempt without affecting Gilstrap's right or interest therein.

The foregoing clearly establishes that Gilstrap is entitled to his day in court. Without the presence of parties whose interests are substantially affected, the writ prayed for will not lie, and the relief asked by petitioner will not be granted.

In *Powell* v. *People*, 214 Ill. 475 [105 Am. St. Rep. 117, 2 Ann. Cas. 551, 73 N. E. 795], it is directly held that *mandamus* will not lie where it appears upon the face of the petition or the face of the record that a necessary party, or a party whose interests are directly affected has been omitted, the court of its own motion will decline to issue the writ. There, as here, the want of the necessary party appeared upon the record, and it was there held that

a plea of such want of the necessary party was not necessary to bring the fact to the attention of the court.

The same rule is set forth in 18 Ruling Case Law, 330. The text supported by the authorities cited is to the effect that while proceedings in *mandamus* may be against an officer who is required to act, yet when the interests of third persons are affected by the judgment, such persons must be made parties or the writ will not issue.

To the same effect is the text found in 38 C. J. 853, where authorities are cited to the effect that it is generally held that parties whose interests are affected should be joined as respondents.

That *mandamus* will not lie under such circumstances is also held in *Farmers High Line Canal Co.* v. *People*, 8 Colo. App. 246 [45 Pac. 543]; *State* v. *Trustees of Imp. Fund*, 20 Fla. 402; *Dement* v. *Bokker*, 126 Ill. 174 [19 N. E. 33]; *Cullen* v. *Latimer*, 4 Tex. 329.

By reason of the fact that this defect in the proceedings was not called to the attention of the court until after hearing was had and the cause submitted for determination, and being also in the nature of a summary proceeding for a prerogative writ, we do not think that section 389 of the Code of Civil Procedure, providing for the bringing in of additional parties should be resorted to, assuming that the provisions of that section apply.

The petition herein is denied without prejudice.

Thompson (R. L.), J., and Preston, P. J., concurred.