[S. F. No. 19052.   In Bank.   Apr. 30, 1954.]

MILDRED YOUNGER, Petitioner, v. FRANK M. JORDAN, as Secretary of State, et al., Respondents.

Grant B. Cooper for Petitioner.

Edmund G. Brown, Attorney General, Leonard M. Friedman, Deputy Attorney General, Harold W. Kennedy, County Counsel (Los Angeles) and George Wakefield, Deputy County Counsel, for Respondents.

THE COURT.—Petitioner, Mildred Younger, is a duly qualified candidate for the Republican nomination for the office of state senator in the Thirty-eighth Senatorial District at the direct primary election to be held on June 8, 1954. By her petition filed herein, she seeks a writ of mandate or an order under section 2900 of the Elections Code

to require the respondents, the Secretary of State and Registrar of Voters of Los Angeles County, to omit from the sample and official ballots for said primary election the name of Hazel J. Younger as a candidate for such nomination.

The petition contains many allegations concerning the alleged lack of qualification of said Hazel J. Younger to be a candidate for public office and concerning the alleged fraud and other irregularities in the circulation and filing of the nomination papers of said Hazel J. Younger. An order to show cause was issued herein on April 21, 1954, setting the cause for hearing on April 29, 1954, and directing that service be made upon the named respondents and upon said Hazel J. Younger, as the real party in interest. (Rules on Appeal, rule 56.) The named respondents have been served and have filed their answer herein raising numerous issues of fact. They have also filed their points and authorities raising many questions of law. It thus appears that this court could not finally adjudicate this controversy until after the issues of fact and law may have been duly heard and determined. (Code Civ. Proc., § 1088 et seq.)

With respect to Hazel J. Younger, the real party in interest, no personal service of the order to show cause has been made. The verified petition and the affidavits concerning service state that since the filing of her nomination papers, said Hazel J. Younger has been concealing herself or is being concealed and that her present whereabouts, after diligent search and inquiry, are still unknown. Petitioner therefore relies upon service of the order to show cause and petition on said Hazel J. Younger, by leaving copies thereof at her last known address, 431 South Downey Road, Los Angeles, which is the address given by her on her nomination papers.

The question then arises as to whether we may proceed to a final determination of this controversy without either personal service upon Hazel J. Younger or some form of substituted service which is authorized by law. (Code Civ. Proc., §§ 410, 412, 413.) We have concluded that we may not, as Hazel J. Younger appears to be an indispensable party to this proceeding. (*Bank of California* v. *Superior Court*, 16 Cal. 2d 516, 521-522 [106 P.2d 879]; *California Cotton Credit Corp.* v. *Superior Court*, 122 Cal.App. 404, 407 [10 P.2d 176]; *Hershey* v. *Cole*, 130 Cal.App. 683, 701 [20 P.2d 972]; *Ash* v. *Superior Court*, 33 Cal.App. 800, 803-804 [166 P. 841].)

In *Ash* v. *Superior Court, supra,* which involved a proceeding brought to compel a county clerk to cancel the regis-

tration of certain voters, it was held that the court was without jurisdiction to proceed in the absence of service upon said voters in the manner authorized by law. The superior court had ordered the mailing of the order to show cause to such voters. In granting a writ prohibiting the superior court from ordering the cancellation of such registrations, it was said at page 802: "The order to show cause and the mailing of notices in the manner required by said order of court did not constitute any process of law which may be recognized as applicable to the case, and cannot be recognized as having any effect to bring those persons within the jurisdiction of the court."

While the authorities above cited deal primarily with ordinary applications for prerogative writs, we cannot escape the conclusion that in a proceeding brought under section 2900 of the Elections Code, to remove the name of another person from the ballot, the latter is an indispensable party and the service must be obtained in a manner authorized by law.

It thus appears that we cannot proceed to a hearing herein until service has been duly made upon said Hazel J. Younger. Personal service appears impossible and service by publication would require an appreciable length of time. This brings us to a consideration of the time element which appears to be the vital factor here, regardless of the merits of the controversy. The certified list of candidates was transmitted by the Secretary of State to the county clerks on April 23, 1954. (Elec. Code, § 2699.) The county clerks must proceed to publish such lists (Elec. Code, § 2703), and to prepare and mail the sample ballots without undue delay. (Elec. Code, § 3709.) It is further shown that approximately 2,500,000 sample ballots and a like number of official ballots must be printed for use in Los Angeles County and "that the time required to print said sample and official ballots is approximately twenty-five days, involving a 24-hour per day operation of the printing presses." We therefore conclude that it will be impossible to obtain any form of authorized service upon said Hazel J. Younger and thereafter to proceed to determine the issues of fact and law required for a final determination of this controversy within such time as to permit the orderly functioning of the election processes. We have reached this conclusion reluctantly, as petitioner has made a strong prima facie showing that said

Hazel J. Younger was committed to Camarillo State Hospital in 1953, and that she is now disqualified as an elector (Const. art. II, § 1; Elec. Code, § 20) and is disqualified from voting or from holding office. (Gov. Code, §§ 274, 275.) We nevertheless cannot proceed to a final determination herein without according to said Hazel J. Younger at least the minimum requirements of due process of law.

We deem it appropriate to suggest that the difficulty encountered here in adjudicating the rights of the parties within such time as to avoid throwing the election processes into confusion is largely due to the relatively limited period of time provided by law between the last day of filing nomination papers for a primary election and the day of election. Perhaps the Legislature may see fit to consider the enactment of legislation lengthening such period or authorizing some method for speedily obtaining substituted service in a situation such as that presented here.

For the reasons stated, the petition must be denied and it is so ordered.

SCHAUER, J.—I dissent.

The material facts, upon which the claim of disqualification rests, are not only admitted by the respondents but appear as matters of public record. On July 5, 1953, Hazel J. Younger was duly committed as a ''mentally ill person'' to the Department of Mental Hygiene for placement in Camarillo State Hospital. Pursuant to a certificate to that effect received by the respondent Registrar of Voters in accordance with the provisions of section 297 of the Elections Code, the registrar, on April 16, 1954, cancelled the name of Hazel J. Younger upon the register of voters of Los Angeles County. She has never been restored to the status of competency by decree of the court which committed her and she has never been discharged from Camarillo State Hospital as one who, in the judgment of the superintendent of the state hospital, has recovered. (Welf. & Inst. Code, § 6728.) She has not been discharged, either by the superintendent on his own motion or by the department upon its order, as a patient who is not insane. (Welf. & Inst. Code, § 6733.) Although never discharged, Hazel J. Younger was granted a leave of absence by the superintendent of Camarillo State Hospital on October 2, 1953. Such leave of absence continues to this date and is consistent only with the status of legal incompetency which was established by the judicial decree of July 5, 1953. It

thus appears that after her commitment to Camarillo State Hospital, Hazel J. Younger has never been declared sane or restored to reason in any manner provided by law.

A person duly committed to a state institution as a "mentally ill person" is an "insane" person within the meaning of the Welfare and Institutions Code. The words "mentally ill" and "insane" are construed to mean the same thing. (Welf. & Inst. Code, § 5041.) They are used synonymously throughout the cited code sections. (Welf. & Inst. Code, §§ 6733, 6734, 6735.) To permit an insane person to hold public office would jeopardize public interest and safety. The provisions of our Constitution and the codes prevent this possibility. In this state, "An elector has no rights . . . beyond those of a citizen not an elector, except the right . . . of holding office and voting." (Gov. Code, § 274.) The right to hold office is lost to one who is not an elector. (Gov. Code, § 275.) An "elector" is defined by Elections Code, section 20, as a person who qualifies under section 1 of article II of the Constitution of California. An insane person does not so qualify because section 1 of article II (Cal. Const.) provides that ". . . no insane person . . . shall ever exercise the privileges of an elector in this State."

The status of Hazel J. Younger as an insane person, unqualified to be a candidate for public office in this state, has been determined by judicial decree of a court of competent jurisdiction of this state. There is no question but that that court acted within its jurisdiction and its decree has become final. There is, therefore, no occasion for us, in this proceeding, to inquire into a matter which is already res judicata. It follows that Hazel J. Younger is not a necessary party to this proceeding which seeks only to compel respondents to perform a ministerial act, the duty to perform which is established by the final judgment of the superior court above mentioned and the provisions of the Constitution and statutes above cited.

I would issue the peremptory writ of mandate forthwith directing the respondents to omit from the sample and official ballots for the direct primary election on June 8, 1954, the name of Hazel J. Younger as a candidate for the Republican nomination for the office of state senator from the Thirty-eighth Senatorial District.

Edmonds, J., concurred.