This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                    **NO. 29,229**

**ANDREW RODRIGUEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Michael E. Vigil, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Navin H. Jayaram, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**VIGIL, Judge.**

Defendant appeals his convictions for child abuse resulting in death and aggravated battery against a household member. We proposed to affirm in a calendar notice, and we have received a memorandum in opposition from Defendant. We are not persuaded by Defendant's arguments that summary affirmance is not appropriate in this case. Therefore, we affirm.

Defendant continues to claim that the evidence was insufficient to support his convictions. We review the sufficiency of the evidence in the light most favorable to the verdict, resolving all conflicts and indulging all inferences in favor of the verdict. *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176.

Defendant is a "severe" alcoholic. On October 16, Defendant became angry at Christine and struck her several times. The next day, after both Christine and Defendant had consumed several beers, Defendant punched Christine several times in the face. He then cleaned her up and put her to bed. As a result of the beating, Christine's eyes were practically swollen shut and deeply bruised. She had a number of abrasions on her mouth and lips. A CT scan of Christine's head showed a subdural hematoma or bleeding between her brain and her cranium.

Aggravated battery against a household member consists of "inflicting great bodily harm or doing so with a deadly weapon or doing so in any manner whereby

great bodily harm or death can be inflicted." NMSA 1978, Section 30-3-16(C) (2008). The evidence showed that Defendant struck Christine with so much force that she developed a hematoma or bleeding in her brain. In other words, Defendant committed battery on Christine in such a manner that great bodily harm or death could be inflicted. Although Defendant points to evidence that subdural hematomas "sometimes occur spontaneously," the fact finder was free to reject that contrary evidence. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829.

Defendant and his wife slept with their twenty-seven-day-old baby lying on the bed between them. Defendant's mother had warned the couple that sleeping in this way was dangerous for the baby. As noted above, Defendant had consumed a number of beers. Defendant told the detective that he continued to drink, and at about 4:00 p.m., he passed out on the bed with his wife and the baby. Defendant awoke approximately four hours later to find the baby partially underneath him and not breathing. After discovering the baby underneath him, Defendant made attempts to revive the baby, said some prayers, and then left to go to a restaurant.

We note that the memorandum in opposition includes a number of versions of the events, with different time frames. For example, Defendant testified that he drank eight beers between the time he awoke and 11:00 a.m., and he went to sleep

3

at 6:00 p.m. Defendant argues that he presented evidence that, based on that time frame and his testimony, he was not legally intoxicated when he went to lie on the bed. However, as discussed above, the fact finder was free to disbelieve Defendant's version of the events. *See id.*

The instructions required that the jury find that Defendant caused the baby to be placed in a situation, the gravity of which seriously endangered the life or health of the baby; and Defendant acted with reckless disregard because he knew or should have known that his conduct created a substantial and foreseeable risk, but he disregarded the risk and was wholly indifferent to the consequences of his conduct and to the welfare and safety of the baby. The evidence presented showed that Defendant was drinking heavily and passed out on the bed where his newborn baby was sleeping. Defendant had received warnings from his mother about sleeping in the same bed as the newborn baby. The evidence was sufficient to support a finding that Defendant knew or should have known that heavy drinking followed by passing out on a bed next to a newborn baby created a foreseeable risk to the baby, and that Defendant disregarded that risk and was indifferent to the consequences of his conduct and to the safety of the baby.

For the reasons discussed in this opinion and in our calendar notice, we hold that the evidence presented below was sufficient to support Defendant's convictions.  Accordingly, we affirm Defendant's convictions.

**IT IS SO ORDERED.**

 

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

 

**CYNTHIA A. FRY, Chief Judge**

 

**ROBERT E. ROBLES, Judge**